

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

One Allen Center
500 Dallas Street, Suite 2100
Houston, TX 77002
Telephone:  713-655-0855
Facsimile:   713-655-0020
www.ogletree.com

Stephen J. Quezada
(713) 655-5757
stephen.quezada@ogletree.com

*Board Certified—Labor & Employment Law*
*Texas Board of Legal Specialization*

December 29, 2025

<u>*Via ECF*</u>
The Honorable George C. Hanks, Jr.
United State District Judge
Bob Casey Federal Court House
515 Rusk Street, Room 6202
Houston, TX 77002

RE:   Civ. A. No. 25-04785
      *Kondrat'yev v. NASA Johnson Space Center, Leidos Holdings, Inc.,*
      *All Points Logistics, LLC*

Dear Judge Hanks,

Ogletree represents Leidos Holdings, Inc. in the above matter. Plaintiff Amanda Kondrat'yev is pro se. Pursuant to the Court's Procedures, Leidos Holdings requests a pre-motion conference regarding Plaintiff's Complaint (Dkt. No. 1).

Leidos Holdings anticipates filing a motion to dismiss pursuant to FRCP 12(b)(6) because Plaintiff did not exhaust administrative remedies against it. Plaintiff did not name Leidos Holdings in the Charge of Discrimination that she filed with the EEOC. Leidos Holdings did not respond to Plaintiff's Charge. Leidos, Inc., a separate legal entity, received notice of Plaintiff's Charge of Discrimination and responded to it. In its Position Statement, Leidos, Inc. indicated that it was the legal entity responding to Plaintiff's Charge of Discrimination and stated that it was the contracting entity with NASA and with All Points Logistics, LLC (the other two defendants in this case). Notwithstanding, Plaintiff named Leidos Holdings, an incorrect legal entity, in her Complaint after she had notice that Leidos, Inc. is the contracting party. Leidos Holdings therefore wishes to dismiss Plaintiff's Complaint as to it. Amendment would be futile, as the 90-day limitations period following the issuance of the Notice of Right to Sue has expired.

In the alternative, and without waiving and reserving all rights regarding its failure-to-exhaust and other defenses, Leidos Holdings anticipates filing a motion for a more definite statement pursuant to FRCP 12(e). Plaintiff's Complaint does not give Leidos Holdings fair notice of what allegations and claims she is making against it. It is therefore necessary for Plaintiff to re-plead and make clear what allegations and claims are against Leidos Holdings.

Atlanta ▪ Austin ▪ Baltimore ▪ Berlin ▪ Birmingham ▪ Boston ▪ Buffalo ▪ Calgary ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro
Fresno ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Kansas City ▪ Las Vegas ▪ Lexington ▪ London ▪ Los Angeles ▪ Memphis ▪ Mexico City ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal
Morristown ▪ Munich ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR
Raleigh ▪ Richmond ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ St. Louis ▪ St. Thomas ▪ Stamford ▪ Tampa ▪ Toronto ▪ Torrance ▪ Washington, D.C.

This pre-motion conference request is filed on December 29, 2025, the date on which Leidos Holdings' answer or other responsive pleading is due. Pursuant to the Court's Procedures, Leidos Holdings' time to file its response to Plaintiff's is satisfied by this letter.

For these reasons, Leidos Holdings requests a pre-motion conference and permission to file the above motions following the conference.

Sincerely,

Stephen J. Quezada

Counsel for Leidos Holdings, Inc.

SJQ:lga