UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMANDA L. KONDRAT'YEV,
Plaintiff,

v.

NASA JOHNSON SPACE CENTER,
LEIDOS HOLDINGS INC., and
ALL POINTS LOGISTICS LLC,
Defendants.

Civil Action No. 4:25-cv-04785

# MOTION FOR ENTRY OF DEFAULT
## AGAINST DEFENDANT ALL POINTS LOGISTICS LLC

## I. INTRODUCTION

Plaintiff Amanda L. Kondrat'yev, proceeding pro se, respectfully moves this Court for entry of default by the Clerk against Defendant All Points Logistics LLC ("All Points") under Federal Rule of Civil Procedure 55(a). All Points was properly served on December 8, 2025, and has failed to plead or otherwise defend within the time allowed by the Federal Rules.

## II. STATEMENT OF FACTS

1. On October 1, 2025, Plaintiff filed her Complaint in this Court asserting claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and state law against All Points and other defendants.

2. On December 8, 2025, the United States Marshals Service executed service of process on All Points Logistics LLC at 190 S. Sykes Creek Parkway, Suite 4, Merritt Island, Florida 32952.

3. Plaintiff has received email confirmation from the United States Marshals Service confirming service on All Points on December 8, 2025.

4. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), All Points' deadline to answer or otherwise respond was December 29, 2025 (twenty-one days after service).

5. As of January 2, 2026, a review of the docket reflects that no appearance has been made and no responsive pleading has been filed by All Points.

6. All Points has not filed an answer, a motion under Rule 12, a motion for extension of time, or any other responsive pleading.

7. All Points has not entered an appearance or retained counsel in this matter.

8. Plaintiff has not received any communication from All Points or its representatives regarding this litigation.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Entry of default under Rule 55(a) is a ministerial act by the Clerk of Court. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). The Clerk must enter default when:

1. The defendant has been properly served;

2. The defendant has failed to file a timely answer or responsive pleading; and

3. The failure to respond is demonstrated by affidavit or other evidence.

Id.

## IV. ARGUMENT

### A. All Points Was Properly Served

Service was executed by the United States Marshals Service on December 8, 2025. Plaintiff has received email confirmation from the United States Marshals Service documenting that All Points was properly served on that date at its registered agent address. This confirmation constitutes competent evidence that All Points was properly served and satisfies Rule 55(a)'s requirement that the failure to plead be shown "by affidavit or otherwise."

### B. All Points Failed to Timely Respond

Under FRCP 12(a)(1)(A)(i), a defendant served with a summons and complaint must serve an answer within 21 days after being served. All Points' deadline was December 29, 2025.

As of January 2, 2026—three days past the deadline—All Points has not filed:

- An answer,

- A motion under Rule 12,

- A motion for extension of time, or
- Any other responsive pleading.

All Points has made no appearance in this case whatsoever.

### C. Default Is Appropriate

Where a defendant has been properly served and fails to respond within the time allowed by the Federal Rules, entry of default is appropriate. Mason & Hanger Nat'l, Inc. v. Marsh & McLennan Cos., 688 F. Supp. 1346, 1348 (S.D. Tex. 1988).

All Points' complete failure to defend this action satisfies the requirements for entry of default under Rule 55(a).

### V. CERTIFICATE OF CONFERENCE

Plaintiff attempted to confer with All Points regarding this motion. However, All Points has not appeared in this action, has not retained counsel, and has not responded to service. Therefore, conference was not possible.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. GRANT this Motion and direct the Clerk of Court to enter default against Defendant All Points Logistics LLC pursuant to Federal Rule of Civil Procedure 55(a); and

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Amanda L. Kondrat'yev
Amanda L. Kondrat'yev, Pro Se

1102 Buoy Rd
Houston, TX 77062
(346) 366-0787
amandakondratyev@gmail.com
Dated: January 2, 2026


**CERTIFICATE OF SERVICE**

I certify that on January 2, 2026, a true and correct copy of this Motion was:

1. Filed with the Court via CM/ECF; and

2. Served on counsel for Defendant Leidos Holdings Inc.:

Stephen J. Quezada
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 2100
Houston, TX 77002
stephen.quezada@ogletree.com


3. Service on Defendants NASA Johnson Space Center and All Points Logistics LLC (neither of which has appeared) will be effected by the United States Marshals Service pursuant to this Court's order granting Plaintiff leave to proceed in forma pauperis.

/s/ Amanda L. Kondrat'yev

Amanda L. Kondrat'yev