

_Ariel N. Wiley_                                                              _1000 Louisiana, Suite 2300_
_Assistant U.S. Attorney_                                                     _Houston, Texas 77002_
_Ariel.Wiley@usdoj.gov_                                                       _(713) 567-9344_

January 2, 2026

_Via E-Mail_

Kimberly Picota, Case Manager
United States District Clerk's Office
515 Rusk St., Room 5300
Houston, Texas 77002
(713) 250-5406
cm4147@txs.uscourts.gov

Re: _Kondra'yev, Amanda v. NASA Johnson Spaced Center, et al_ – civil no. 4:25-cv-4785

Dear Ms. Picota:

This letter is Defendant National Aeronautics and Space Administration's (NASA) request to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff is bringing a Title VII lawsuit against her employer Leidos Holding (Leidos), and the organization her employer contracted with, NASA.

As an initial matter, Title VII claims require the existence of an employment relationship for standing purposes. _Diggs v. Harris Hosp.--Methodist, Inc._, 847 F.2d 270, 272 (5th Cir. 1988) ("[A] Title VII claim must necessarily involve an employment relationship"). "To determine whether an entity exercises enough control over an individual to qualify as his employer, [the Fifth Circuit] appl[ies] a 'hybrid economic realities/common law control test.'" _Perry v. VHS S.A. Partners, L.L.C._, 990 F.3d 918, 928-29 (5th Cir. 2021) (quoting _Deal v. State Farm Cnty. Mut. Ins. Co. of Tex._, 5 F.3d 117, 118-19 (5th Cir. 1993)). "The right to control the employee's conduct is the most important component." _Id._ at 929. The control component "focus[es] on the right to hire and fire, the right to supervise, and the right to set the employee's work schedule." _Id._ The "economic-realities component . . . focuses on who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." _Id._

Plaintiff alleges that she has joint employment with Leidos and NASA, however, this is inaccurate. Plaintiff does not and has not ever worked for NASA during the relevant time related to Plaintiff's claims. Plaintiff has not made any allegations that NASA has control over Leidos or Plaintiff's conduct. Therefore, Plaintiff does not have standing to bring a claim against NASA, and her claims should be dismissed against them.

Thus, NASA respectfully requests permission to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully,

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

Ariel N. Wiley
Assistant United States Attorney