IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA L. KONDRAT'YEV | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-04785 |
| | § | |
| NASA JOHNSON SPACE CENTER, | § | |
| LEIDOS HOLDINGS INC, and | § | |
| ALL POINTS LOGISTICS LLC | § | Jury Demanded |
|    *Defendants*. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, All Points Logistics LLC ("Defendant"), files its Answer with Affirmative Defenses to Plaintiff, Amanda L. Kondrat'yev ("Plaintiff") Original Complaint ("Complaint") as follows:

## COMPLAINT

1A. In response to Paragraph 1A of Plaintiff's Complaint regarding the parties, Defendant lacks sufficient knowledge to admit or deny Plaintiff's residence at 1102 Buoy Rd Houston, TX 77062.

1B. In response to Paragraph 1B of Plaintiff's Complaint, Defendant lacks sufficient knowledge to admit or deny the location and title of Defendant No. 1 (NASA Johnson Space Center) and Defendant No. 2 (Leidos Holding Inc.). In response to Paragraph 1B, Defendant No. 3, Defendant admits its corporate headquarters is located at 190 S. Sykes Creek Pwky, Ste 4, Merritt Island, FL 32952.

1C. In response to Paragraph 1C of Plaintiff's Complaint, Defendant denies Plaintiff was employed by NASA Johnson Space Center.

2. In response to Paragraph 2 of Plaintiff's Complaint regarding jurisdiction, Defendant denies that it engaged in any conduct constituting discrimination under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the American with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112, to 12117 ("ADA"). To the extent a response is required, Defendant acknowledges only that Plaintiff purports to assert claims under those statutes, but Defendant denies Plaintiff's claims have merit or that Defendant violated the statutes identified in any way.

      3A. In response to Paragraph 3A of Plaintiff's Complaint, Defendant denies all the allegations therein.

      3B. In response to Paragraph 3B of Plaintiff's Complaint, Defendant denies all the allegations contained therein.

      3C. In response to Paragraph 3C of Plaintiff's Complaint, Defendant denies all the allegations contained therein.

      3D. In response to Paragraph 3D of Plaintiff's Complaint, Defendant acknowledges Plaintiff asserts discrimination claims based on race (Asian American), gender/sex (Female), and disability of perceived disability (ADHD, PTSD, MDD, and ACD), but Defendant denies any liability and all allegations contained in Paragraph 3D. Defendant further denies Plaintiff exhausted her administrative remedies as to some of the claims asserted in Paragraph 3D of her Complaint.

      3E. In response to Paragraph 3E, Defendant admits Plaintiff performed work at NASA JSC from September 2022 to January 4, 2024, but denies the allegation that she worked under a joint employer arrangement between Leidos and All Points. Defendant also states that it can neither admit nor deny the allegations in this paragraph based on a reference to Exhibits that were not available to Defendant. Finally, Defendant denies it engaged in sexual harassment, disability discrimination, denial of accommodations, retaliation, or wrongful termination, and further denies Plaintiff's entitlement to any relief.

4A. In response to Paragraph 4A of Plaintiff's Complaint, Defendant admits Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), but denies that the Charge was sufficient to cover all of the alleged acts of discrimination described in Paragraph 3D of Plaintiff's Complaint.

4B. In response to Paragraph 4B of Plaintiff's Complaint, Defendant admits the EEOC issued a Dismissal and Notice of Rights on or about July 3, 2025, but cannot admit or deny the allegation as to Plaintiff's receipt of same.

4C. Defendant asserts no response is required to Paragraph 4C of Plaintiff's Complaint as it pertains to age discrimination and Plaintiff does not assert such a claim.

5. In response to Paragraph 5 of Plaintiff's Complaint, the prayer for relief, Defendant denies Plaintiff is entitled to any of the relief sought.

6. Defendant asserts no response is required to Paragraph 6 of Plaintiff's Complaint as it consists of Plaintiff's certification under Rule 11 and does not require a response. To the extent any factual allegation is intended, Defendant lacks knowledge or sufficient information to form a belief as to such allegations and therefore denies same.

## GENERAL DENIAL

Defendant denies any and all allegations contained in Plaintiff's Complaint unless otherwise specifically admitted herein, including any allegations contained in headings, a request for relief, a wherefore clause, or elsewhere.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses to Plaintiff's Complaint (and any supplements or amendments thereto), but it does not assume the burden of proof on any such defenses, except as otherwise required by law. Defendant reserves the right to assert additional

defenses and to otherwise supplement or amend its Answer. Each of these defenses are pled in the alternative, as all liability is denied. Defendant reserves the right to add additional affirmative defenses should it become aware of such during the course of discovery:

1. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her damages, if any.

2. Plaintiff's claims are barred because her employment ended for legitimate, non-discriminatory and non-retaliatory business reasons.

3. Defendant denies Plaintiff was discharged in violation of Title VII or the ADA.

4. Plaintiff's claims are barred because actions taken by Defendant, and its officers, employees, and agents, in connection with her employment were based on legitimate, non-discriminatory and non-retaliatory business reasons and were done within the scope of its discretionary authority, in the exercise of proper managerial discretion, and with a reasonable and good faith belief that their actions at all times were lawful, proper and justified.

5. Plaintiff's claims are barred because Defendant's decisions with respect to Plaintiff's employment were justified based upon its judgment of qualifications, effort, experience, responsibility, business revenues, market conditions, and/or other bona fide qualifications.

6. Any protected characteristic or protected activity on the part of Plaintiff was not a "motivating factor" in any decision related to Plaintiff's employment.

7. Without waiver of Plaintiff's burden to prove that decisions related to her employment were motivated by an impermissible factor, any finding that an adverse employment action taken by Defendant was an unlawful employment practice is countered by the fact that Defendant would have taken the same action in the absence of any such impermissible factor and regardless of Plaintiff's alleged protected status.

8. Plaintiff's alleged damages are too speculative to be permitted.

9. To the extent Plaintiff's claims are inconsistent with or outside the scope of any Charge of Discrimination filed with the EEOC, those claims are barred.

10. Plaintiff was not qualified for the position.

11. Plaintiff is not a qualified individual with a disability as defined by federal law.

12. Without admitting Plaintiff has suffered any damages as a result of any wrongdoing of Defendant, Plaintiff's damages, if any, must be reduced by any wages, compensation, or other benefit received by Plaintiff.

13. To the extent Plaintiff pleads alternative as to theories of liability, Plaintiff is limited to one recovery for the same alleged harm and/or is required to elect her remedies.

14. Defendant invokes the limits on recovery of compensatory and exemplary and/or punitive damages under Title VII and the ADA.

15. Plaintiff's claims and damages are barred in whole or in part by the doctrine of after-acquired evidence.

16. Plaintiff's claims are barred to the extent Plaintiff failed to timely exhaust administrative remedies or otherwise comply with all conditions precedent by filing her Charge of Discrimination within 300 days of the alleged discriminatory/retaliatory act occurring.

17. Defendant did not have actual or constructive knowledge of some or all of the alleged discriminatory, retaliatory, and/or illegal acts alleged in Plaintiff's Complaint at any time material to the events alleged in the Complaint.

18. Defendant is entitled to costs of court as allowed by Fed. R. Civ. P. 54(b).

**PRAYER**

For the reasons stated above, Defendant respectfully requests that the Court dismiss Plaintiff's lawsuit, render judgment that Plaintiff take nothing, assess costs against Plaintiff, and

award any other relief, at law or in equity, to which Defendant shows itself justly entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:     */s/ Laura E. De Santos*
       **Laura E. De Santos**
       TBN: 00793612
       SDTX: 19328
       ldesantos@grsm.com
       **Katherine Strathman**
       TBN: 24137365
       SDTX: 3861991
       kstrathman@grsm.com
       1900 West Loop South, Suite 1000
       Houston, TX 77027
       Telephone: (713) 961-3366
       Facsimile: (713) 961-3938

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Amanda L. Kondrat'yev
1102 Buoy Rd.
Houston, Texas 77062
Email: amandakondratyev@gmail.com

*Pro Se Plaintiff*

Ariel Nicole Wiley
US Attorney's Office
1000 Louisiana Street #2300
Houston, Texas 77002
Email: ariel.wiley@usdoj.gov

*Counsel for Defendant NASA Johnson Space Center*

Stephen Jose Quezada
Ogletree Deakins
500 Dallas Street, Suite 2100
Houston, Texas 77002
Email: Stephen.quezada@ogletree.com

*Counsel for Defendant Leidos Holdings Inc.*

                                                       */s/ Laura E. De Santos*
                                                       Laura E. De Santos