UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMANDA L. KONDRAT'YEV,
Plaintiff,
v.
NASA JOHNSON SPACE CENTER,
LEIDOS HOLDINGS INC., and
ALL POINTS LOGISTICS LLC,
Defendants.

Civil Action No. 4:25-cv-04785

# MOTION TO EXTEND DEADLINE TO FILE FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Amanda L. Kondrat'yev, appearing pro se, respectfully moves this Court for an order extending the deadline to file her First Amended Complaint and states as follows:

**I. CURRENT DEADLINE**

1. On January 28, 2026, Defendant All Points Logistics LLC filed its Answer (ECF 23).

2. Under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff has 21 days from service of the responsive pleading to amend as of right.

3. The current deadline to file the First Amended Complaint is **February 18, 2026**.

**II. EXTENSION REQUESTED**

Plaintiff respectfully requests a 14-day extension, to March 4, 2026, to file her First Amended Complaint.

**III. GOOD CAUSE EXISTS**

Good cause exists for this extension under Federal Rule of Civil Procedure 6(b)(1) based on the following:

**A. Pro Se Litigant with Documented Disabilities**

1. Plaintiff is proceeding pro se with documented disabilities including Autism Spectrum Disorder (ASD), Attention Deficit Hyperactivity Disorder (ADHD), and Complex Post-Traumatic Stress Disorder (CPTSD).
2. These disabilities affect executive function, time management, and processing capacity, particularly under deadline pressure.
3. Plaintiff has prepared a Renewed Combined Motion for Appointment of Counsel and ADA Accommodations, and intends to file it separately; it has not yet been filed as of February 17, 2026.

**B. Anticipated Motion for Appointment of Counsel**

1. Plaintiff intends to file a Motion for Appointment of Counsel. The anticipated motion directly affects Plaintiff's capacity to prepare the First Amended Complaint.
2. If counsel is appointed, counsel will need time to review the case file, evidence, and draft complaint.
3. If the motion is denied, Plaintiff will continue pro se but will have clarity on representation status going forward.
4. Once the motion is filed, awaiting the Court's ruling would help ensure the amended complaint is prepared by the appropriate party (Plaintiff or appointed counsel) and avoid duplicative work.

**C. Strategic Benefit: Defendants' Pending Motions to Dismiss**

1. On January 5, 2026, this Court granted NASA permission to file a Motion to Dismiss (ECF 19). NASA has not yet filed its motion.

2. On December 30, 2025, this Court granted Leidos permission to file a Motion to Dismiss (ECF 17). Leidos has not yet filed its motion.

3. Seeing Defendants' Motion to Dismiss arguments before finalizing the First Amended Complaint would allow Plaintiff to address those arguments proactively, promoting judicial efficiency.

4. This approach is consistent with the principle that amendments should be liberally granted when justice requires. *See* Fed. R. Civ. P. 15(a)(2).

**D. Complexity of Case**

1. This case involves:

a. **Joint employer liability** across three defendants (NASA, Leidos, All Points)

b. **Fourteen causes of action** under Title VII, ADA, Section 1981, and state law

c. **357+ evidence items** in Plaintiff's Evidence Vault requiring review and citation

d. **Multiple individual defendants** to be added

e. **Complex factual allegations** including assault, retaliation, disability discrimination, and sex discrimination

2. Thorough preparation of the amended complaint requires significant time, particularly for a pro se litigant managing disabilities.

**IV. NO PREJUDICE TO DEFENDANTS**

No prejudice will result from the requested extension:

1. **Early-stage case:** The Initial Scheduling Conference is set for March 25, 2026. A brief extension will not delay that conference.

2. **No discovery underway:** No discovery requests have been propounded, and the discovery plan has not been finalized.

3. **No trial date set:** The case is months or years from trial.

4. **Defendants' own delays:** NASA and Leidos each received permission to file Motions to Dismiss but have not yet done so, indicating they themselves are taking time to prepare their filings.

5. **All Points' lack of opposition:** All Points indicated through counsel that it does not oppose this extension. Accordingly, All Points will not be prejudiced by the requested extension.

## V. CONSISTENT WITH LIBERAL AMENDMENT STANDARD

1. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."

2. The Fifth Circuit has repeatedly emphasized that "Rule 15(a) evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

3. Courts routinely grant extensions for pro se litigants, particularly when disabilities affect preparation capacity and no prejudice results. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings held to less stringent standards).

4. This is Plaintiff's **first request for extension** of this deadline.

**CERTIFICATE OF CONFERENCE**

Plaintiff attempted to confer with Defendants regarding this motion as required by Local Rule 7.1(D) and Judge Hanks' procedures and made the following good-faith efforts:

**NASA Johnson Space Center (counsel: Ariel Nicole Wiley, DOJ):**

- Conferral email sent: February 4, 2026, 9:59 AM CT to ariel.wiley@usdoj.gov

- Response received: February 4, 2026, 6:17 PM CT

- Position: **Unopposed.** Ms. Wiley stated: "Defendant NASA is unopposed to the extension."

**Leidos Holdings Inc. (counsel: Stephen J. Quezada, Ogletree Deakins):**

- Conferral email sent: February 4, 2026, 9:59 AM CT to stephen.quezada@ogletree.com

- Response received: February 4, 2026, 4:48 PM CT

- Position: **Unopposed.** Mr. Quezada stated: "Leidos Holdings is unopposed to the below requested extension and reserves all rights and defenses, including those asserted in the prior letter filed with the Court."

**All Points Logistics LLC (counsel: Katherine Strathman, Gordon Rees Scully Mansukhani):**

- Conferral email sent: February 4, 2026, 9:59 AM CT to kstrathman@grsm.com and ldesantos@grsm.com

- Response received: February 4, 2026, 8:56 PM CT

- Position: **Unopposed.** Ms. Strathman stated: "Defendant All Points Logistics is unopposed to the extension but is opposed to the motion for counsel and the motion for accommodations."

Plaintiff made serious and timely efforts to confer with opposing counsel as required by the Court's procedures. **All three defendants are unopposed to the requested extension.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

The Court should grant Plaintiff a 14-day extension to March 4, 2026.

1. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Amanda L. Kondrat'yev

Amanda L. Kondrat'yev, Pro Se

1102 Buoy Rd

Houston, TX 77062

(346) 366-0787

amandakondratyev@gmail.com

Dated: February 17, 2026

---

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2026, a true and correct copy of this Motion was filed with the Court via CM/ECF, which will send notice to counsel for Defendants:

- Ariel Nicole Wiley (ariel.wiley@usdoj.gov) – counsel for NASA
- Stephen J. Quezada (stephen.quezada@ogletree.com) – counsel for Leidos
- Katherine Strathman (kstrathman@grsm.com) and Laura E. De Santos

(ldesantos@grsm.com) – counsel for All Points

/s/ Amanda L. Kondrat'yev

Amanda L. Kondrat'yev