**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| AMANDA L. KONDRAT'YEV, Plaintiff, v. NASA JOHNSON SPACE CENTER, LEIDOS HOLDINGS INC., and ALL POINTS LOGISTICS LLC, Defendants. | Civil Action No. 4:25-cv-04785 |

**PROPOSED ORDER ON PLAINTIFF'S RENEWED COMBINED MOTION FOR APPOINTMENT OF COUNSEL AND DISABILITY ACCOMMODATIONS**

Pending before the Court is Plaintiff's Renewed Combined Motion for Appointment of Counsel and Disability Accommodations. (Dkt. No. ___). The Court has considered the Motion, the record, and applicable law.

**I. APPOINTMENT OF COUNSEL**

Under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." In cases involving a federal employer, 42 U.S.C. § 2000e-16(d) incorporates the appointment-of-counsel provision of § 2000e-5(f)(1), making that provision applicable to claims against NASA Johnson Space Center. In determining whether to appoint counsel, courts consider: (1) the merits of the plaintiff's claims; (2) the plaintiff's efforts to secure counsel; (3) the plaintiff's financial ability to retain counsel; and (4) the plaintiff's ability to present the case without an attorney. *Gonzalez v. Carlin*, 907 F.2d 573, 579–80 (5th Cir. 1990); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166–67 (5th Cir. 1990).

1

Having considered these factors and the current posture of this case, the Court finds as follows:

**Factor 1 — Merits:** Plaintiff's renewed motion presents materially strengthened claims. The record includes evidence of close temporal proximity between protected activity and adverse action, written admissions by a defendant that the stated justification for termination was not communicated to the decision-maker before the termination decision was made, and documented comparator evidence. The Court finds this factor weighs in favor of appointment.

**Factor 2 — Efforts to Secure Counsel:** Plaintiff has documented contact with more than sixteen employment attorneys over a nineteen-month period. All declined representation, many citing case complexity, multi-defendant structure, and resource intensity. The Court finds this factor weighs in favor of appointment.

**Factor 3 — Financial Circumstances:** This Court previously found, in ECF No. 13, that Plaintiff's financial circumstances "do not allow her income sufficient to retain counsel." That finding remains applicable. This factor weighs in favor of appointment.

**Factor 4 — Ability to Present Case Without Counsel:** The case now involves three represented defendants, authorized Motions to Dismiss not yet filed, an Initial Scheduling Conference set for March 25, 2026, and Rule 26(f) conferral obligations. Plaintiff has documented disabilities affecting real-time litigation capacity. The Court finds that, in light of these circumstances, Plaintiff's ability to effectively present this

case without counsel is substantially limited. This factor weighs in favor of appointment.

Having considered all four factors, the Court finds that appointment of counsel is **just** under the circumstances.

## II. DISABILITY ACCOMMODATIONS (FEDERAL COURT)

Plaintiff has requested disability accommodations for federal court proceedings, including the March 25, 2026 Initial Scheduling Conference. SDTX provides reasonable accommodations for communication disabilities under Judicial Conference policy, and this Court has inherent authority to manage its proceedings fairly and efficiently. *See Tennessee v. Lane*, 541 U.S. 509, 522–24 (2004). The Court finds that the accommodations set forth below are reasonable case-management measures that support meaningful participation and serve judicial economy.

## III. DEADLINE FOR AUTHORIZED MOTIONS TO DISMISS

The Court notes that Defendants Leidos and NASA were granted leave to file motions to dismiss (ECF Nos. 17, 19). To promote efficient case management and avoid motion practice that could conflict with Plaintiff's March 4, 2026 amended-complaint deadline, the Court sets the following deadline.

## ORDER

IT IS HEREBY ORDERED that:

1. **Appointment of counsel:** Plaintiff's Renewed Combined Motion for Appointment of Counsel is **GRANTED** pursuant to 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 2000e-16(d).

2. **Disability accommodations:** Plaintiff's Renewed Combined Motion for Disability Accommodations is **GRANTED**. The following accommodations shall apply to all Court proceedings in this matter, including but not limited to the March 25, 2026 Initial Scheduling Conference:

    a. **Remote appearance.** Plaintiff may appear remotely by video conference (preferred) or telephone for all hearings, conferences, and proceedings.

    b. **Written agenda.** A written agenda or list of topics to be addressed shall be provided to Plaintiff at least three (3) business days before any conference, hearing, or scheduled proceeding.

    c. **Scheduled breaks.** Proceedings exceeding thirty (30) minutes in duration shall include a scheduled break at intervals not exceeding forty-five (45) minutes.

    d. **Written confirmation of deadlines and orders.** Written confirmation — by email or written order — of all deadlines, rulings, and procedural instructions communicated during or after any proceeding shall be provided within two (2) business days.

  e. **Written conferral process.** Meet-and-confer obligations with opposing counsel shall be conducted by written communication (email) to the extent permitted by the Federal Rules and this Court's local rules and practices.

  f. **Support person.** Plaintiff may have a support person present during hearings and conferences to assist with real-time processing, note-taking, and procedural tracking. The support person shall not participate as counsel or advocate.

3. **Deadline for Motions to Dismiss:** Defendants NASA and Leidos shall file any authorized Motions to Dismiss **on or before March 2, 2026**.

4. **If no motion to dismiss is filed:** If a Defendant elects not to file a motion to dismiss, that Defendant shall file its answer **on or before March 2, 2026**.

SIGNED this ___ day of February, 2026.

**HON. RICHARD W. BENNETT**

**UNITED STATES MAGISTRATE JUDGE**