# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

AMANDA L. KONDRAT'YEV,
Plaintiff,
v.
NASA JOHNSON SPACE CENTER,
LEIDOS HOLDINGS INC., and
ALL POINTS LOGISTICS LLC,
Defendants.

Civil Action No. 4:25-cv-04785

## PLAINTIFF'S NOTICE OF ERRATA AND
## NOTICE OF FILING OF EXHIBIT PACKAGE

TO THE HONORABLE COURT:

Plaintiff Amanda L. Kondrat'yev respectfully submits this Notice for two purposes:

(1) to give notice that the Exhibit Package (Exhibits A–K) supporting Plaintiff's Renewed Combined Motion for Appointment of Counsel and Disability Accommodations (ECF No. 32) is hereby filed to complete the record, the motion and proposed order having been filed separately on February 25, 2026; and (2) to correct three errors in the motion (ECF No. 32) identified after filing.

---

## ERRATA TO ECF NO. 32

**Correction 1 — Section V, Item 1 (Appearance Accommodation)**

**Original language (ECF No. 32, Section V, Item 1):**

*"Remote Appearance by Video or Telephone — Plaintiff requests permission to appear remotely by video conference (preferred) or telephone for all hearings, conferences, and proceedings, including the Initial Scheduling Conference on March 25, 2026."*

**Corrected language:**

Plaintiff withdraws the request for remote video or telephone appearance and substitutes the following:

Plaintiff requests permission to **participate in hearings, conferences, and proceedings via written submission**, in lieu of in-person, telephone, or video appearance, to the extent the Court determines that oral participation is not strictly required. Written participation is not a preference — it is the communication modality most consistent with Plaintiff's documented disabilities. Dr. Kelly Whaling's March 2025 neuropsychological evaluation (Exhibit A) documents that Plaintiff functions best with structured supports and written communication, and that Plaintiff's disabilities create significant barriers to real-time oral processing under adversarial conditions. Real-time verbal interactions with adverse parties trigger PTSD symptoms including freeze responses, dissociation, and cognitive shutdown that render oral participation medically unsafe and procedurally ineffective.

Where the Court determines that real-time participation is required, Plaintiff requests that written conferral and written submission remain the **default format**, with oral participation used only when the Court finds it strictly necessary. Where real-time conferral with opposing counsel is unavoidable, Plaintiff further requests that a **neutral facilitator** (such as the Magistrate Judge or another court-designated neutral) facilitate the proceeding in lieu of direct adversarial contact.

All other accommodations in Section V, Items 2–6 of ECF No. 32 are maintained without change.

**Correction 2 — Section IV.C.a (Assault Report — Reporting Channels)**

**Original language (ECF No. 32, Section IV.C.a):**

*"Plaintiff reported the assault through NASA Security, All Points management, and Leidos HR."*

**Corrected language:**

*"Plaintiff reported the assault through NASA Security and All Points management (Ed Scarborough)."*

**Reason for correction:** Plaintiff did not make a formal complaint to Leidos HR on December 29, 2023. On that date, Plaintiff attempted to reach Christy Murray (Leidos Center Operations Manager, who was typically on site) via Microsoft Teams, but no Leidos management was physically present at the time of the assault report. Plaintiff did not proceed to make a formal Leidos HR complaint because, following the July 2023 Brent Wong incident, Ed Scarborough and Robyn Smith (All Points) had restricted Plaintiff from making formal complaints to Leidos HR without first going through them — stating that All Points was "a real company," referring to themselves — and had further directed Plaintiff not to discuss what Brent Wong had done, while Wong faced no equivalent restriction. To Plaintiff's knowledge, this restriction was imposed on Plaintiff alone; no other All Points subcontractors she worked with were subject to the same limitation. That restriction remained in effect on December 29, 2023, and shaped how Plaintiff was able to report the assault.

**Relevance:** The restriction was imposed in direct response to Plaintiff's July 2023 protected activity (the Brent Wong harassment report) and applied exclusively to Plaintiff — constituting selective suppression of her ability to create a multi-channel

complaint record. By requiring Plaintiff to route all protected activity through All Points HR — the same entity that issued the retaliatory Final Warning 26 minutes after her accommodation request — Ed Scarborough and Robyn Smith ensured that Plaintiff's protected activity remained under their control. This is consistent with and corroborates the Cat's Paw and joint-employer retaliation theories in Section IV.C.b.

---

**Correction 3 — Section IV.C.d (Figueredo Comparator / Lifting Restriction)**

**Clarification 3(a) — Spacebar rotation:**

The motion's reference to Plaintiff being denied Spacebar access requires clarification. All PC Support Technicians on the contract, including Plaintiff, rotated through Spacebar assignments as part of standard work distribution. The comparator issue is not that Plaintiff received *no* Spacebar time — it is that Plaintiff was **not permitted to remain at the Spacebar as a modified-duty accommodation** when she formally requested one under the ADA, while William Figueredo's extended Spacebar presence was informally permitted without ADA process and without the denial Plaintiff received ("This is not covered by the ADA").

**Clarification 3(b) — Lifting restriction removal:**

The motion does not fully state the circumstances under which Plaintiff's lifting restriction was removed. On **June 2, 2023**, Plaintiff's treating physician Dr. Mokkala issued a note restricting Plaintiff to lifting no more than 20 pounds for 6 to 8 weeks — a restriction that would have naturally expired on or around **mid-July 2023**. The restriction was never formally addressed at its natural expiration. Instead, Robyn

Smith (All Points HR) first invoked and formally declared the restriction "lifted" in her **September 19, 2023 email** — the same email that categorically denied Plaintiff's ADA accommodation request. Robyn Smith's email states verbatim: *"On June 2, 2023 you provided a note from Dr. Mokkala stating you were under a weight lifting restriction of 20 lbs. for 6 to 8 weeks. A follow on note has not been provided so that weight restriction has been lifted."* This language appears in the same email as the ADA denial and the retaliatory Final Warning — more than two months after the restriction would have naturally lapsed. The timing constitutes direct evidence of retaliatory pretext.

Respectfully submitted,
/s/ Amanda L. Kondrat'yev
**AMANDA L. KONDRAT'YEV**
*Plaintiff, Pro Se*
1102 Buoy Rd
Houston, Texas 77062
Telephone: 346-366-0787
Email: amandakondratyev@gmail.com
Dated: February 26, 2026

### CERTIFICATE OF SERVICE

I certify that on the date of filing, a true and correct copy of this Notice was served via CM/ECF on all counsel of record:

- Stephen J. Quezada, Ogletree Deakins, for Defendants Leidos Holdings Inc., Leidos, Inc., and Leidos Innovations Corp.
- Ariel Nicole Wiley, Assistant United States Attorney, for Defendant NASA Johnson Space Center

- Laura E. De Santos and Katherine Strathman, Gordon Rees Scully Mansukhani, LLP, for Defendant All Points Logistics LLC

/s/ Amanda L. Kondrat'yev
**AMANDA L. KONDRAT'YEV**
*Plaintiff, Pro Se*