UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMANDA L. KONDRAT'YEV,
Plaintiff,

v.                                                          Civil Action No. 4:25-cv-04785

NASA JOHNSON SPACE CENTER,
LEIDOS HOLDINGS INC., and
ALL POINTS LOGISTICS LLC,
Defendants.

**PLAINTIFF'S COMBINED MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT AND CONTINUANCE OF INITIAL SCHEDULING CONFERENCE**

TO THE HONORABLE COURT:

Plaintiff Amanda L. Kondrat'yev, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for: (1) an extension of time to file her First Amended Complaint, and (2) a continuance of the Initial Scheduling Conference currently set for March 25, 2026 at 10:15 a.m. Plaintiff further requests these extensions as reasonable procedural accommodations for her documented disabilities, consistent with her pending Renewed Motion for Disability Accommodations (ECF 32) and the Court's inherent authority to ensure meaningful access for litigants with disabilities. In support, Plaintiff states as follows:

I. PROCEDURAL BACKGROUND

1. On February 11, 2026, the Court granted Plaintiff's first Motion to Extend the

deadline to file her First Amended Complaint, setting the current deadline of March 4, 2026.

2. The Initial Scheduling Conference (ISC) is currently set for March 25, 2026 at 10:15 a.m. before Magistrate Judge Richard W. Bennett (ECF 22, January 16, 2026).

3. The prior continuances of the ISC were granted for specific procedural reasons: ECF 15 (November 17, 2025) was granted because no defendants had appeared and a Rule 26(f) conference was not possible; ECF 22 (January 16, 2026) was granted because Plaintiff's motion for counsel and accommodations remained pending and defendants were still appearing.

4. Plaintiff's Renewed Combined Motion for Appointment of Counsel and Disability Accommodations (ECF 32, filed February 25, 2026) and Notice of Errata and Notice of Filing of Exhibit Package (ECF 33, filed February 26, 2026) remain pending before the Court. These filings directly affect Plaintiff's ability to meet current scheduling deadlines.

5. Plaintiff's First Amended Complaint has not yet been filed.

6. The Rule 26(f) conference was conducted on March 2, 2026 but remains incomplete — the parties agreed to reconvene on March 3, 2026 at noon. On March 3 at 11:45 AM CT, Plaintiff notified all counsel via email that she was requesting postponement of the follow-up session, as proceeding before the Court rules on the pending motions and before the operative pleading is finalized would not be productive. All three defendants opposed postponement.

7. Leidos counsel Stephen J. Quezada confirmed his availability for the March 2, 2026 Rule 26(f) conference via email on February 25, 2026, stating: "Monday around the lunch hour works for me as well." Despite this confirmation, Mr. Quezada did not appear for the March 2 conference, did not notify Plaintiff or co-counsel of his unavailability, and did not request to reschedule. Less than twenty-four hours later, on March 3, 2026 at 12:02 PM CT, Mr. Quezada responded to Plaintiff's conferral email opposing any extension, stating that Leidos "do[es] not want there to be further delay."

8. All Points Logistics LLC was properly served on December 8, 2025. Its responsive pleading was due December 29, 2025 under Federal Rule of Civil Procedure 12(a)(1)(A)(i). All Points failed to answer, failed to appear, failed to retain counsel, and made no communication of any kind. On January 2, 2026, Plaintiff filed a Motion for Entry of Default (ECF 18). All Points did not file its Answer (ECF 23) until January 28, 2026 — thirty days past the deadline — and only after Plaintiff's default motion compelled a response. Despite receiving the benefit of thirty days of unexcused delay without consequence, All Points now opposes Plaintiff's request for a reasonable extension.

---

## II. GROUNDS FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT

### A. Triple-Deadline Collision

1. The March 4, 2026 deadline creates a convergence of simultaneous obligations

that Plaintiff, as a pro se litigant with documented disabilities, cannot reasonably fulfill on the same day:

- Filing the First Amended Complaint;
- Completing the Rule 26(f) meet-and-confer conference with counsel for all three defendants; and
- Preparing for the Initial Scheduling Conference and Joint Discovery Plan.

2. No represented party faces this convergence — defense counsel can divide labor among multiple attorneys and staff. Plaintiff must perform each task alone.

3. The convergence is not theoretical. Defense counsel confirmed via email that they were available to conduct the Rule 26(f) conference on Monday, March 2, 2026 — two days before the Amended Complaint filing deadline. NASA counsel (AUSA Ariel Wiley) confirmed she was in trial and could not meet until that date. The Rule 26(f) conference occurred on March 2 but was not completed; the parties agreed to reconvene March 3. Plaintiff notified all counsel on March 3 that she was requesting postponement of the follow-up session due to the competing deadline obligations and the pendency of ECF 32, further illustrating the impossible convergence of obligations she faces.

B. Disability Access Barriers

1. Plaintiff has documented diagnoses of ASD, ADHD, and PTSD, as set forth in her pending Renewed Motion for Appointment of Counsel and Disability Accommodations (ECF 32). These conditions create documented executive function limitations that are compounded — not merely added — when multiple

complex deadlines converge simultaneously.

2. The March 2 Rule 26(f) conference itself illustrated these barriers: Plaintiff was required to comprehend and respond to complex scheduling and discovery issues across a multi-defendant, multi-claim employment case in real time, without counsel, under conditions that compounded her documented executive function limitations. The volume and complexity of the material — condensed into a brief oral exchange — exceeded what Plaintiff could meaningfully process in the time allotted without the accommodations she has requested.

3. The Court has not yet ruled on Plaintiff's pending motion for disability accommodations. Plaintiff cannot meaningfully participate in the Rule 26(f) conferral, ISC preparation, and simultaneous complaint drafting without the accommodations requested.

C. Operative Complaint Is Incomplete Without Amendment

1. The Amended Complaint adds additional claims supported by evidence obtained through the administrative process. Filing a complete, accurate amended complaint requires adequate time for final review, paragraph renumbering, and redaction check.

D. Good Cause and No Prejudice

1. Good cause exists under FRCP 6(b)(1)(A). All three defendants have appeared and are represented by counsel. No Docket Control Order has been entered. Although one defendant has served initial disclosures under the IDP, no formal discovery has been propounded. A brief extension causes no prejudice to any party and

    allows the operative pleading to be finalized before discovery planning proceeds.

2. The defendants' opposition on grounds of "delay" is undermined by their own conduct. Leidos counsel confirmed attendance at the March 2, 2026 Rule 26(f) conference, failed to appear without notice or explanation, and then objected to Plaintiff's request citing delay — delay to which his own absence contributed. All Points Logistics answered its Complaint thirty days late (ECF 23, filed January 28, 2026), and only after being compelled to respond by Plaintiff's Motion for Entry of Default (ECF 18). Despite having received extraordinary procedural latitude, these defendants now oppose any scheduling accommodation for the pro se Plaintiff whose documented disabilities are before this Court.

---

## III. GROUNDS FOR CONTINUANCE OF INITIAL SCHEDULING CONFERENCE

### A. The Operative Complaint Will Change Before the ISC

1. Plaintiff's First Amended Complaint — which adds additional claims — has not yet been filed. Holding an ISC and entering a scheduling order before the operative complaint is on the docket is inefficient and risks the need to reopen or amend the scheduling order once the amended complaint is filed.

2. Judicial economy strongly favors holding the ISC after the First Amended Complaint is filed so that discovery planning, the Joint Discovery Plan, and all scheduling order deadlines are calibrated to the actual operative pleading.

### B. Plaintiff's Accommodations Motion Remains Pending

1. Plaintiff's Renewed Motion for Appointment of Counsel and Disability

    Accommodations (ECF 32) is pending. The Court's ruling will directly affect Plaintiff's ability to participate meaningfully in the ISC, including whether she will have counsel present, and whether the specific accommodations she has requested — written agenda, written conferral process, scheduled breaks, remote participation — will be in place.

2. Proceeding with the ISC before this motion is ruled on forces Plaintiff to participate in a scheduling conference without knowing what accommodations, if any, she will have. This is precisely the barrier that supported the prior continuance requests.

C. Joint Discovery Plan Cannot Be Completed in Time

1. A Joint Discovery and Case Management Plan must be filed before the ISC. The Rule 26(f) conference began on March 2, 2026, but the parties were unable to complete it in one session. Plaintiff notified all counsel on March 3 at 11:45 AM CT — fifteen minutes before the scheduled session — that she was requesting postponement of the follow-up, as proceeding before the Court rules on the pending motions and before the operative pleading is finalized would not be productive. All three defendants opposed.

2. Even if the Rule 26(f) conference is completed promptly, the Joint Discovery Plan must be filed no later than March 11, 2026 (fourteen days before the March 25 ISC). Given the incomplete conference and the pending amended complaint, this timeline is not achievable.

D. No Prejudice to Defendants

1. All three defendants are represented by experienced counsel. No Docket Control Order has been entered. Although one defendant has served initial disclosures under the IDP, no formal discovery has been propounded. A continuance of 30–45 days causes no prejudice to any party and allows all parties to participate in a productive ISC based on the operative complaint.

2. The record demonstrates that the defendants themselves have been the primary source of procedural delay in this case. All Points Logistics was served on December 8, 2025, missed its December 29 answer deadline entirely, made no appearance or communication for nearly a month, and filed its Answer only on January 28, 2026 (ECF 23) — thirty days late and only after Plaintiff filed a Motion for Entry of Default (ECF 18). Leidos counsel confirmed his availability for the March 2 Rule 26(f) conference, did not appear, did not notify any party of his absence, and then opposed Plaintiff's request for additional time the following day. That these same parties now oppose a reasonable continuance for a pro se litigant with pending disability accommodations underscores the asymmetry in how procedural latitude has been afforded in this case.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

1. GRANT this Motion and extend the deadline to file the First Amended Complaint to 45 days from the date the Court rules on Plaintiff's pending Renewed Motion for Appointment of Counsel and Disability Accommodations (ECF 32), or such

other date as the Court deems appropriate;

2. CONTINUE the Initial Scheduling Conference currently set for March 25, 2026, and RESET the ISC to a date at least 30 days following the filing of the First Amended Complaint, or to such other date as the Court deems appropriate; and

3. To the extent the Court considers the requested extensions as reasonable procedural accommodations under the Court's inherent authority to ensure meaningful access for litigants with disabilities, GRANT such accommodations consistent with Plaintiff's documented disabilities as set forth in ECF 32; and

4. GRANT such other and further relief as the Court deems just and proper.

---

CERTIFICATE OF CONFERENCE

Pursuant to SDTX Local Rule 7.1(D), Plaintiff conferred with counsel for all defendants regarding the relief sought in this motion:

- NASA (Ariel Nicole Wiley, AUSA): Conferral email sent March 3, 2026 at 11:45 AM CT. NASA counsel responded March 3, 2026 at 11:57 AM CT stating: "Defendant NASA is opposed to all three." Opposed.

- Leidos (Stephen J. Quezada, Ogletree Deakins): Conferral email sent March 3, 2026 at 11:45 AM CT. Leidos counsel responded March 3, 2026 at 12:02 PM CT stating: "Leidos Holdings is also opposed, as we do not want there to be further delay." Opposed.

- All Points (Katherine Strathman / Laura De Santos, Gordon Rees Scully Mansukhani): Conferral email sent March 3, 2026 at 11:45 AM CT. All Points

counsel responded March 3, 2026 at 12:06 PM CT stating: "All Points is opposed to all 3." Opposed.

All three defendants oppose this motion. Plaintiff made good faith efforts to confer as required by Local Rule 7.1(D). Conferral was conducted via email; responses are documented above.

---

Respectfully submitted,

/s/ Amanda L. Kondrat'yev
Amanda L. Kondrat'yev
Pro Se Plaintiff
1102 Buoy Rd
Houston, TX 77062
346-366-0787
amandakondratyev@gmail.com
Dated: March 4, 2026

---

CERTIFICATE OF SERVICE

I certify that on March 4, 2026, I served a true and correct copy of the foregoing Combined Motion on all counsel of record via the Court's CM/ECF system, which will send notification to:
- Ariel Nicole Wiley, Assistant United States Attorney, counsel for NASA Johnson Space Center
- Stephen J. Quezada, Ogletree Deakins, counsel for Leidos Holdings Inc., Leidos, Inc., and Leidos Innovations Corp.
- Laura E. De Santos and Katherine Strathman, Gordon Rees Scully Mansukhani, LLP, counsel for All Points Logistics LLC

/s/ Amanda L. Kondrat'yev
Executed on March 4, 2026