UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMANDA L. KONDRAT'YEV,
Plaintiff,

v.                                                             Civil Action No. 4:25-cv-04785

NASA JOHNSON SPACE CENTER,
LEIDOS HOLDINGS INC., and ALL
POINTS LOGISTICS LLC,
Defendants.

**SECOND NOTICE OF ERRATA AND
SUPPLEMENT TO ECF NO. 32 AND ECF NO. 33**

TO THE HONORABLE COURT:

Plaintiff Amanda L. Kondrat'yev respectfully submits this Second Notice of Errata and Supplement for three purposes: (1) to correct a technical transmission deficiency affecting two pages in the Exhibit Package filed February 26, 2026 (ECF No. 33); (2) to provide one structural clarification to Section IV.C.d of the motion (ECF No. 32), which presents two legally distinct comparator theories under a single heading and omits factual background material to the comparator analysis; and (3) to correct a docket citation error in ECF No. 32, where the Court's order granting NASA Johnson Space Center permission to file a Motion to Dismiss is cited as "(ECF 19)" rather than the correct "(ECF 20)." No new arguments are raised; this filing corrects a transmission deficiency, clarifies the record, and corrects a citation error. The complete versions of both truncated pages are attached hereto.

1

This filing is submitted in the same manner as Plaintiff's Notice of Errata and Notice of Filing of Exhibit Package, filed February 26, 2026 (ECF No. 33), which addressed substantive corrections to ECF No. 32.

**I. TECHNICAL CORRECTION — TRUNCATED EXHIBIT PAGES**

Two pages within the Exhibit Package (ECF No. 33) were truncated during transmission and did not file completely. Complete versions of both pages are attached hereto as Attachments 1 and 2. No substantive changes have been made; this portion of the filing corrects the transmission deficiency only.

In addition, because the structural clarification in Section II below adds a citation to Exhibit I (All Points EEOC Position Statement) that was not included in ECF No. 32, the relevant page from Exhibit I is attached hereto as Attachment 3 for the Court's convenience.

1. **Attachment 1** — Exhibit A-4, Page 12 of Exhibit Package (from Exhibit A, Medical Documentation, ECF No. 33)

2. **Attachment 2** — Exhibit E-2, Page 99 of Exhibit Package (from Exhibit E, 26-Minute Retaliation Timeline, ECF No. 33)

3. **Attachment 3** — Exhibit I Excerpt, All Points EEOC Position Statement (supplementing ECF No. 32, Section IV.C.d)

**II. CORRECTION 4 — SECTION IV.C.d (RESTRUCTURED COMPARATOR EVIDENCE; BRENT WONG EMPLOYMENT HISTORY AND CROSS-EMPLOYER RELATIONSHIP)**

**Reason for correction:** Section IV.C.d of the motion (ECF No. 32) presents two legally distinct comparator theories under a single heading and does not state Brent Wong's employment history, which is the factual predicate connecting both theories. The corrected language below restructures the section into two labeled sub-parts, supplies Wong's missing employment history, and adds a citation to Exhibit I (All Points EEOC Position Statement) for Robyn Smith's sworn statement regarding William Figueredo's accommodation status.

**Original heading:** *"d. Comparator evidence — ADA pretext (William Figueredo; Exhibit K)"*

**Corrected heading:** *"d. Comparator evidence — ADA pretext and sex/disability-based disparate treatment (William Figueredo, Exhibit I; Brent Wong, Exhibit K)"*

**Original section text:** *(the paragraph block beginning "William Figueredo is a male PC Support Technician..." through "This factor weighs in favor of appointment.")*

**Corrected language:**

**d(i). Comparator — ADA pretext and sex-based selective accommodation (William Figueredo; Exhibit I)**

William Figueredo is a male PC Support Technician who worked in the same position as Plaintiff at NASA JSC under the same supervisors (Brent Wong and Christy Murray). Figueredo repeatedly failed to meet performance standards and was unable to complete deployments within required service level agreements. Despite this sustained poor performance, Figueredo was permitted to remain at the Spacebar workstation on an extended basis — functioning as an informal modified-duty assignment — without

being required to process that assignment through any ADA accommodation procedure.

Robyn Smith — the same All Points Chief Administrative Officer who denied Plaintiff's formal ADA accommodation request — confirmed under oath in the All Points EEOC position statement that "All Points has never received any accommodation of disability request from William and has never been informed of any performance issues." (Exhibit I, All Points EEOC Position Statement, Response to Figueredo Comparator Allegation.) The same HR officer who swore William had no formal accommodations on file is the one who categorically denied Plaintiff's formal request the following day with the statement "This is not covered by the ADA." (Exhibit E-2.) This is not coincidence — it is the operative contradiction establishing ADA pretext: informal modified-duty accommodations were available and extended to a male employee without ADA process, while Plaintiff's formal request with medical documentation was denied categorically by the same decision-maker.

Figueredo's informal accommodation was not the product of neutral employer discretion. As set forth below, it was the product of a personal relationship with Brent Wong — the same supervisor who denied Plaintiff's accommodation request and was the subject of Plaintiff's July 2023 sexual harassment report.

**The common thread: Brent Wong's cross-employer history and personal network**

Both comparators in this section are connected through the same actor. Prior to becoming Leidos Service Delivery Lead, Brent Wong was employed as an All Points PC Support Technician — the same position held by Plaintiff and by Figueredo. Wong

4

transitioned from All Points subcontractor status to Leidos supervisory authority within the same contract structure, bringing personal relationships from his time as an All Points technician. Figueredo was among those personal associates. Wong also hired and promoted personal contacts through his Leidos supervisory authority, across employer lines.

Wong's capacity to extend informal modified-duty accommodations to an All Points employee while serving as a Leidos SDL — without triggering formal HR review at either entity — is itself evidence of the integrated operational structure at issue. Informal authority and personal favoritism crossed entity lines freely; formal ADA process operated as a one-way denial instrument against Plaintiff only. The asymmetry is probative of the joint-employer relationship and of the discriminatory mechanism through which it operated.

The discriminatory pattern is evident: the supervisor who denied Plaintiff the same modified-duty accommodation informally extended to Figueredo is Brent Wong — the same individual whose sexual harassment Plaintiff reported to management on July 13, 2023, sixty-seven days before the first retaliatory disciplinary action. The intersection of ADA pretext, retaliation for harassment reporting, and selective accommodation denial under the same supervisor is not coincidence; it is a pattern.

**d(ii). Comparator — disability-based disparate treatment (Brent Wong; Exhibit K)**

Four months after Plaintiff's termination, Brent Wong was promoted to a 100% remote, organization-wide problem-solving role — the same type of modified-duty

arrangement Plaintiff had formally requested and been denied. (Exhibit K.) Plaintiff and Brent Wong share the same disability (ADHD); the opposite outcomes — termination for Plaintiff, promotion for Wong — constitute direct comparator evidence of sex and disability-based disparate treatment under the same supervisory structure. The cross-actor comparator evidence in both d(i) and d(ii) spans Leidos supervisors, All Points management, subcontractor employment history, and individual witnesses across entities. Fully developing this record requires coordinated discovery — including depositions and document requests across multiple entities and employment histories — that independently supports the need for appointed counsel to manage scope and strategy.

**This factor weighs in favor of appointment.**

### III. CORRECTION 5 — ECF CITATION ERROR (NASA ORDER)

**Reason for correction:** ECF No. 32 cites "(ECF 19)" when referring to the Court's order granting NASA Johnson Space Center permission to file a Motion to Dismiss. ECF 19 is NASA's request for a pre-motion conference (filed January 2, 2026). The order granting that permission is ECF 20 (issued January 5, 2026).

**Section I.3 of ECF No. 32:**

- **Original:** "NASA received leave to file a Motion to Dismiss on January 5, 2026 (ECF 19)."
- **Corrected:** "NASA received leave to file a Motion to Dismiss on January 5, 2026 (ECF 20)."

**Section VI of ECF No. 32:**

- **Original:** "NASA received leave to file a motion to dismiss on January 5, 2026 (ECF 19)."

- **Corrected:** "NASA received leave to file a motion to dismiss on January 5, 2026 (ECF 20)."

All other ECF citations in ECF No. 32 — including ECF 17 (order granting Leidos permission to file a Motion to Dismiss) — are correct and require no amendment.

Respectfully submitted,

/s/ Amanda L. Kondrat'yev
**AMANDA L. KONDRAT'YEV**
*Plaintiff, Pro Se*
1102 Buoy Rd
Houston, Texas 77062
Telephone: 346-366-0787
Email: amandakondratyev@gmail.com
Dated: March 9, 2026

---

**CERTIFICATE OF SERVICE**

I certify that on March 9, 2026, a true and correct copy of this Notice was served via CM/ECF on all counsel of record:

- Stephen J. Quezada, Ogletree Deakins, for Defendants Leidos Holdings Inc., Leidos, Inc., and Leidos Innovations Corp.

- Ariel Nicole Wiley, Assistant United States Attorney, for Defendant NASA Johnson Space Center

- Laura E. De Santos and Katherine Strathman, Gordon Rees Scully Mansukhani, LLP, for Defendant All Points Logistics LLC

/s/ Amanda L. Kondrat'yev
**AMANDA L. KONDRAT'YEV**
*Plaintiff, Pro Se*