UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMANDA L. KONDRAT'YEV<br>　　*Plaintiff,* | §<br>§<br>§ |
| v. | §　　Civil Action No. 4:25-cv-04785 |
| | § |
| NASA JOHNSON SPACE CENTER,<br>LEIDOS HOLDINGS INC, and<br>ALL POINTS LOGISTICS LLC<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§ |

### DEFENDANTS' JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**RESPONSE:** Counsel for Defendants National Aeronautics and Space Administration (NASA) and All Points Logistics LLC ("All Points") met with Plaintiff via Microsoft Teams on March 2, 2026 at 12:00 PM. Ariel Wiley for Defendant NASA, Katherine Strathman for Defendant All Points, and Plaintiff Amanda Kondrat'yev joined. Plaintiff did not participate meaningfully, so the parties agreed to reconvene on March 3, 2026 at 12:00PM. At 11:45 AM on March 3, 2025, Plaintiff informed everyone that she would not attend the meeting and requested more time. All parties are opposed. Thus, this response provides all the Defendants' positions.

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how the cases are related.

**RESPONSE**: None.

3. Briefly describe what this is about.

**RESPONSE**: Plaintiff is bringing a Title VII lawsuit against her employer, All Points, who contracted with Leidos Holding (Leidos), and the organization Leidos contracted with, NASA. Defendants NASA and All Points contend that Plaintiff has failed to state a claim as a matter of fact and law under Title VII. NASA further contends that Plaintiff did not work for them, and her claims against NASA should be dismissed.

Additionally, Plaintiff did not name Leidos Holdings in the Charge of Discrimination that she filed with the EEOC. Leidos Holdings did not respond to Plaintiff's Charge. Leidos, Inc., a separate legal entity, received notice of Plaintiff's Charge of Discrimination and responded to it. In its Position Statement, Leidos, Inc. indicated that it was the legal entity responding to Plaintiff's Charge of Discrimination and stated that it was the contracting entity with NASA and with All

Points Logistics, LLC. Plaintiff, nevertheless, named Leidos Holdings in her Complaint. Prior to Defendant appearing in this case, United States Magistrate Judge Richard W. Bennett signed an order granting permission to file a motion to dismiss under FRCP 12(b)(6) on December 30, 2025. The motion to dismiss is currently pending.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

**RESPONSE**: None that NASA and All Points are aware of.

5. Federal Jurisdiction.

   a. Specify the allegation of federal jurisdiction.

   b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdiction allegations, and state their reasons.

   c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

**RESPONSE**: NASA is a party to this suit and the claims arise under Title VII and ADA. The parties agree that federal jurisdiction lies with this court under 42 U.S.C. § 1331.

6. List anticipated additional parties that should be included, and by whom they are wanted

**RESPONSE**: None that Defendant NASA, Leidos Holdings, and Defendant All Points are aware of.

7. List anticipated interventions.

**RESPONSE**: None that Defendant NASA, Leidos Holdings, and Defendant All Points are aware of.

8. Describe class-action issues or collective-action issues.

**RESPONSE**: None that Defendant NASA, Leidos Holdings, and Defendant All Points are aware of.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

**RESPONSE**: Thirty (30) days after answering, Defendant All Points served its Responses to Initial Discovery Protocols for Employment Cases Alleging Adverse Action pursuant to the Court's Order, which superseded Defendant's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) on February 27, 2026. Defendant NASA will provide their disclosures 14 days after the Rule 26(f) conference pursuant to FRCP 26(a)(1)(c).

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

**RESPONSE:** Defendant All Points, Leidos Holdings, and NASA agree.

11. Describe the proposed discovery plan, including:

    A. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

    B. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

**RESPONSE:** NASA, Leidos Holdings, and All Points are opposed to producing that information in native format or producing documents for multiple formats.

12. Experts

    A. Are experts needed on issues other than attorneys' fees?

    B. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

    C. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)

    D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)

**RESPONSE:**
  A. Defendant NASA does not believe any are necessary. Defendant All Points does not believe any are necessary. Defendant Leidos Holdings does not believe any are necessary.
  B. Defendant NASA does not believe any are necessary. Defendant All Points does not believe any are necessary. Defendant Leidos Holdings does not believe any are necessary.

      C. Unknown.
      D. Defendants NASA, Leidos Holdings, and All Points believe a deadline 60 days after Plaintiff's deadline would be appropriate.

13. State the date discovery can reasonably be completed.

**RESPONSE**: October 30, 2026

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE**: Plaintiff would not participate in the discovery plan, so Plaintiff presumably does not agree to the plan.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

**RESPONSE**: None.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

**RESPONSE**: No discussion at this time.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

**RESPONSE**: If necessary, mediation would be most appropriate after the close of discovery.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

**RESPONSE**: The parties do not consent.

19. State whether a jury demand has been made and if it was made on time.

**RESPONSE**: Plaintiff has made a jury demand.

20. Specify the number of hours it will take to present the evidence.

**RESPONSE**: Approximately 32 hours.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

**RESPONSE**: Defendant NASA's Motion to Dismiss and Defendant Leidos Holdings Motion to Dismiss.

22.     List other pending motions.

**RESPONSE**: None.

23.     List issues or matters, including discovery, that should be addressed at the conference.

**RESPONSE**: None.

24.     Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**RESPONSE**: Defendant All Points filed its Disclosure of Interested Parties on January 28, 2026.

Dated: March 13, 2025

/s/ Stephen Quezada *
**Stephen Quezada– Lead Counsel**
State Bar No. 2407619
SDTX No. 1348753
Maya Ali
State Bar No. 24148784
Ogletree Deakins
One Allen Center
500 Dallas Street, Suite 2100
Houston, TX 77002
(713) 655-5757 (Telephone)
*Signed with permission*
**ATTORNEYS FOR DEFENDANT
LEIDOS HOLDINGS INC**

/s/ Ariel N. Wiley *
**Ariel Nicole Wiley**
State Bar No. 24093366
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9000 (Telephone)
*Signed with permission*
**ATTORNEYS FOR DEFENDANT
NASA JOHNSON SPACE CENTER**

*/s/ Laura E. De Santos*
**Laura E. De Santos – Lead Counsel**
State Bar No. 00793612
SDTX No. 19328
**Katherine D. Strathman**
State Bar No. 24137365
SDTX No. 3861991
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)

**ATTORNEYS FOR DEFENDANT
ALL POINTS LOGISTICS LLC**