UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMANDA L. KONDRAT'YEV,
     Plaintiff,
v.                                                                      Civil Action No. 4:25-cv-04785
NASA JOHNSON SPACE CENTER,
LEIDOS HOLDINGS INC., and
ALL POINTS LOGISTICS LLC,
     Defendants.

**PROPOSED SCHEDULING AND DOCKET CONTROL ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b) and the Initial Scheduling Conference

held on March 25, 2026, IT IS HEREBY ORDERED that the following deadlines and

procedures shall govern this case:

## I. CASE MANAGEMENT DEADLINES

| Deadline | Date | Notes |
|---|---|---|
| **1. Motions to Amend Pleadings** | **May 9, 2026** (45 days) | Plaintiff's First Amended Complaint adding 16 new defendants (4 corporate, 12 individual) requires adequate time for drafting given pro se status and documented disabilities. Per ECF 35, amendment deadline deferred to ISC. |
| **2. Motions to Add New Parties** | **May 24, 2026** (60 days) | Separate from amendment deadline. 16 new defendants require new summonses |

| Deadline | Date | Notes |
|---|---|---|
| | | from U.S. Marshals Service; TekFive and Seabrook Solutions may require registered agent research. Service completion deadline: **August 22, 2026** (90 days from last amendment). |
| **3. Motion to Certify Class** | N/A | Single-plaintiff action. *Robbins v. NASA* class certification (Sept 2022) relevant as pattern evidence only. |
| **4. Plaintiff's Expert Designations and Reports** | **December 18, 2026** (approximately 97 days before discovery cutoff) | Anticipated experts: medical/psychological (ASD/ADHD/PTSD impact), vocational/economic damages, IT/digital forensics (ESI authentication), statistical/pattern evidence. |
| **5. Defendants' Expert Designations and Reports** | **January 25, 2027** (60 days before discovery cutoff) | Responsive experts only per FRCP 26(a)(2)(D)(ii). |

| Deadline | Date | Notes |
|---|---|---|
| **6. Rebuttal Expert Designations** | **February 24, 2027** (30 days after Defendants' experts) | Per FRCP 26(a)(2)(D)(ii). |
| **7. Completion of All Discovery** | **March 25, 2027** (12 months) | See Section II for justification. All written discovery must be served no later than **February 23, 2027** (30 days before cutoff) to allow response time. |

## II. DISCOVERY PERIOD JUSTIFICATION (12 MONTHS)

The 12-month discovery period is necessary based on:

1. **19 defendants** across 7 entities (3 corporate defendants, 1 federal agency, 2 subcontractors, 12 individual defendants) — each requiring separate discovery and potentially separate counsel.

2. **24 causes of action** under 9 federal statutes and Texas state law.

3. **10+ electronic systems** requiring preservation and production (Teams, SharePoint, ServiceNow, Discord, Active Directory, SLICS, Deltek, NAMS, IDMAX, SeeIT, Outlook/Exchange).

4. **Federal agency involvement:** Discovery from NASA requires compliance with Touhy regulations (14 CFR Part 1263) and DOJ coordination, which historically extends timelines by 60–90 days per request.

5. **Pro se plaintiff with documented disabilities** (ADHD, ASD, PTSD) proceeding without counsel despite 16+ attorney contacts over 19 months (ECF 32).

6. **16 new defendants** requiring service through U.S. Marshals Service before they can participate in discovery.

7. **Anticipated depositions:** 12–15 witnesses across multiple employers, law firms, and geographic locations.

---

## III. LIMITS ON DISCOVERY

1. **Interrogatories:** 25 per party per FRCP 33(a)(1).

2. **Requests for Admission:** No numerical limit per FRCP 36.

3. **Requests for Production:** No numerical limit per FRCP 34.

4. **Depositions:** Plaintiff requests an expanded limit of **15 depositions per side** (rather than the standard 10 under FRCP 30(a)(2)(A)(i)), given the number of defendants, witnesses, and entities involved. Key deponents include:

   - Robyn Smith (All Points CHRO — ADA denial, termination, TWC testimony)

   - Ed Scarborough (All Points VP — termination decision, TWC testimony)

   - Brent Wong (Leidos SDL — sexual harassment, "false report" fabrication)

   - Christy Murray (Leidos COM — manufactured complaint coordination)

- o Brian Lynn (Leidos DPM — hostile "security interview")

- o Russ Tucker (NASA Security Chief — disavowed "false report" narrative)

- o Susana Kane (Seabrook — alleged assault perpetrator)

- o John Walters (TekFive — manufactured complaint)

- o Dan Murphy (retaliatory complaint, later promoted)

- o Dianne Brief (Leidos HRBP — joint employer coordination)

- o NASA ODEO investigator

- o 30(b)(6) designees for each corporate defendant

5. **Deposition duration:** 7 hours per deposition (standard), with scheduled breaks every 45 minutes as an ADA accommodation for Plaintiff.

6. **Written Deposition Option:** If Plaintiff remains without counsel (ECF 32 pending), Plaintiff may elect to conduct depositions by written questions under FRCP 31 as an alternative to oral depositions under FRCP 30, where real-time adversarial questioning would be counterproductive due to documented disability-related processing barriers (see ECF 33, B-1 Declaration ¶¶ 3–7). This election does not waive Plaintiff's right to conduct oral depositions for any deponent where Plaintiff determines oral examination is feasible. If the Court grants ECF 32 and appoints counsel, deposition scheduling shall be coordinated with appointed counsel. If ECF 32 is denied, Plaintiff reserves the right to request the Court's assistance in structuring deposition procedures that accommodate Plaintiff's documented disabilities, including the option of submitting written questions through the Court for oral examination by a neutral facilitator.

7. **Staggered Discovery Service:** Given Plaintiff's pro se status, documented disabilities, and the number of defendants (19 across 7 entities potentially represented by 3+ separate counsel teams), Defendants shall coordinate written discovery service to avoid simultaneous service by multiple defense counsel teams. No more than two defense counsel teams shall serve written discovery requests on Plaintiff in any 14-day period. If Defendants cannot agree on sequencing, the Court will establish a rotation.

8. **Extended Response Times for Pro Se Plaintiff:** Plaintiff shall have 45 calendar days (rather than the standard 30) to respond to written discovery requests (interrogatories, requests for production, and requests for admission), consistent with the Court's inherent authority to manage discovery and Plaintiff's documented executive function limitations. *See* ECF 33, B-1 Declaration. Defendants' response times remain at the standard 30 days.

9. **Rolling production:** Defendants shall produce documents on a rolling basis as collected, rather than waiting until the response deadline.

---

## IV. ESI PRODUCTION PROTOCOL

1. **Format:** ESI shall be produced in native format with metadata preserved, or in another reasonably usable format preserving relevant metadata fields (sent/received timestamps, author, recipients, system-generated audit fields). PDF-only production of digital communications (Teams, email, audit logs) is insufficient.

2. **Privilege Log Protocol:** Pursuant to the December 1, 2025 amendments to FRCP 26(f)(3) and 16(b)(3):

   o   Rolling privilege logs produced within 14 days of each document production.

   o   Categorical privilege assertions permitted where applicable.

   o   Standard log format: document date, author, recipients, privilege claimed, and brief description.

3. **Litigation Hold Confirmation:** Each Defendant shall confirm in writing within 14 days of this Order: (a) when litigation hold was implemented; (b) custodians and systems covered; (c) whether any documents have been destroyed since July 3, 2024 (date of OFCCP record preservation order to All Points, Case No. I00311965).

4. **Dispute:** NASA and All Points oppose native format production. If the parties cannot resolve this within 30 days, either party may file a 3-page letter per Judge Bennett's discovery dispute procedures.

## V. DISABILITY ACCOMMODATIONS FOR CASE MANAGEMENT

Plaintiff has documented disabilities (ADHD, Autism Spectrum Disorder, PTSD) as set forth in ECF 32 and supporting exhibits (ECF 33). The following accommodations shall apply to all proceedings and case management in this matter, consistent with the Court's inherent authority, *Tennessee v. Lane*, 541 U.S. 509, 522–24 (2004) (persuasive authority for this Court's inherent power to accommodate disability barriers to court access), and

SDTX Judicial Conference policy (which recognizes that although the ADA does not apply to the federal judiciary, SDTX provides reasonable accommodations for communication disabilities under Judicial Conference policy). Plaintiff does not rely on ADA Title II or Rehabilitation Act § 504 as applying directly to the federal judiciary:

1. **Written Conferral Process (Accommodation — Modification Requested).** Plaintiff requests modification of any phone/video-first conferral requirement as a disability accommodation consistent with SDTX Judicial Conference policy and the Court's inherent authority. *See* ECF 33 (B-1 Declaration ¶¶ 3–7) (documenting PTSD triggers and executive function barriers under real-time adversarial verbal exchanges). Accordingly, Plaintiff requests that meet-and-confer obligations under FRCP 26(f), 37(a), and LR 7.1(D) be fulfilled by written communication (email) as the primary method. Telephone or video conferral shall not be required as the exclusive or mandatory method. All conferral outcomes shall be confirmed in writing by all parties within 2 business days.

2. **Written Agenda for Proceedings.** A written agenda or list of topics to be addressed shall be provided to Plaintiff at least 3 business days before any conference, hearing, or scheduled proceeding.

3. **Structured Breaks.** All proceedings exceeding 30 minutes shall include scheduled breaks at intervals not exceeding 45 minutes.

4. **Written Confirmation of Deadlines.** Written confirmation — by email or written order — of all deadlines, rulings, and procedural instructions communicated during or after any proceeding shall be provided within 2 business days.

5. **Extended Response Times for Discovery Disputes.** Plaintiff shall have a minimum of 7 calendar days to respond to any discovery-related letter or motion, rather than the standard 24-hour response period under Judge Bennett's procedures, to accommodate disability-related processing needs.

6. **Written Submission Option.** As corrected by ECF 33, Plaintiff requests the option to participate in proceedings via written submission when direct adversarial participation would be counterproductive due to disability-related barriers, with a neutral facilitator (such as the Magistrate Judge) managing the proceeding.

7. **Support Person.** Plaintiff may have a support person present during hearings and conferences to assist with real-time processing, note-taking, and procedural tracking. The support person shall not participate as counsel or advocate.

8. **Rolling Production Accommodation.** Plaintiff's IDP production and any discovery responses shall be produced on a rolling basis as completed, rather than requiring simultaneous production of all categories, to accommodate executive function limitations.

## VI. ADDITIONAL CASE MANAGEMENT PROVISIONS

1. **Discovery Not Stayed Pending Motions to Dismiss.** Defendants Leidos and NASA were granted leave to file Motions to Dismiss (ECF 17, ECF 20). Discovery shall proceed on all claims and shall not be stayed pending resolution of any Motion to Dismiss, consistent with the general rule that discovery continues

during pendency of dispositive motions unless the Court orders otherwise. *See Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987).

2. **Touhy Regulation Timeline.** Discovery requests directed to NASA or its employees shall comply with 14 CFR Part 1263 (NASA Touhy regulations). The parties shall meet and confer on a protocol for NASA discovery within 30 days of this Order. Any delays attributable to Touhy processing shall not count against the discovery period.

3. **Service Timeline for New Defendants.** Plaintiff shall file the First Amended Complaint by May 9, 2026 and request new summonses for U.S. Marshals Service. Service on all new defendants shall be completed by August 22, 2026 (90 days). If USMS is unable to serve any defendant at last known addresses, Plaintiff may seek Court authorization for alternative service.

4. **Discovery Timeline for Late-Served Defendants.** Newly served defendants will require time to retain counsel, file responsive pleadings, and participate in discovery. To avoid prejudice to either side: (a) Newly served defendants shall have 60 days from the date of their first responsive pleading (or appearance) to participate in the meet-and-confer process for a protective order and discovery plan; (b) Written discovery directed to or from late-served defendants shall not count against the staggered service limits in Section III until 30 days after their appearance; (c) If service on any new defendant is not completed until after August 22, 2026, Plaintiff may seek an extension of the discovery period proportional to the delay, not to exceed 90 additional days. This provision ensures

that the addition of 16 new defendants — required because the original complaint named only the 3 corporate entities and 1 federal agency — does not compress discovery into an unworkable timeline for any party.

5. **Protective Order.** The parties shall meet and confer on a proposed protective order for confidential materials (personnel files, medical records, PII, proprietary business information) within 30 days of this Order. Plaintiff proposes a tiered confidentiality structure (Confidential / Attorneys' Eyes Only) consistent with SDTX practice.

6. **Threshold Discovery — Joint Employer / Single Integrated Enterprise.** Within 60 days, Defendants shall produce all Associate Contractor Agreements (ACAs), subcontracting plans, and corporate organizational documents governing the NEST contract operational relationships among NASA, Leidos, All Points, TekFive, and Seabrook Solutions.

7. **Arbitration Agreement Confirmation.** Within 14 days, each Defendant shall confirm in writing whether any arbitration agreement, mandatory dispute resolution clause, or similar agreement exists that was signed by Plaintiff. *See Lambert v. Leidos Holdings, Inc.*, 4:24-cv-00911 (N.D. Tex., 2024).

8. **Expert Witness Costs.** Plaintiff is proceeding in forma pauperis (IFP) and without counsel. To the extent expert testimony is necessary to establish damages, causation, or pattern evidence that Plaintiff cannot present through lay testimony, Plaintiff reserves the right to request appointment of expert witnesses under Federal Rule of Evidence 706 (court-appointed experts) or to request that expert

costs be advanced or waived consistent with 28 U.S.C. § 1915(c). The Court may also consider whether any Defendant should bear the cost of expert examinations it requests of Plaintiff (e.g., independent medical examination or vocational assessment). This reservation does not create an obligation for the Court to appoint experts, but preserves Plaintiff's ability to raise the issue when expert designations are due (December 18, 2026).

9. **Discovery Dispute Procedure.** Discovery disputes shall be governed by Magistrate Judge Bennett's discovery dispute procedures. Prior to seeking Court intervention, the parties must: (a) confer in good faith, with Plaintiff entitled to fulfill conferral obligations via written communication as provided in Section V.1 above; (b) submit a letter brief not to exceed 3 pages summarizing the dispute, the date and method of conferral, attendees, and the relief sought; (c) participate in a telephonic conference, to be scheduled within 2-3 business days of the Court's receipt of the letter brief. Any response to an initiating letter brief shall be submitted no later than 24 hours before the scheduled conference. The Court will resolve disputes at the telephonic conference without formal motion practice whenever possible. Any Defendant seeking to resist ESI production must have a person prepared to discuss specific custodians, burden, expense, volume, and options for reducing burden before seeking Court intervention.

## VII. MEDIATION

Mediation before a Magistrate Judge or private mediator experienced in employment discrimination cases shall be completed no later than **January 25, 2027** (10 months from scheduling order). Mediation shall not occur until: (a) at least 30 days have elapsed after Plaintiff's expert designations (December 18, 2026); (b) all Defendants have completed IDP productions and supplementation; (c) ESI from key systems has been produced; and (d) depositions of primary decision-makers (Smith, Scarborough, Wong, Murray) have been completed. Accessibility accommodations (scheduled breaks, written materials in advance) shall apply to mediation sessions. *See* ECF 33 (Plaintiff's accommodation corrections and supplement).

**Pro Se Mediation Protections.** If Plaintiff remains without counsel at the time of mediation, the following additional protections shall apply:

1.  All settlement proposals and counterproposals shall be presented in writing, with Plaintiff given a minimum of 24 hours to review and respond to any proposal before the mediation session concludes.

2.  Plaintiff may have a support person present during mediation to assist with processing and note-taking (consistent with Section V.7 above).

3.  The mediator shall ensure that Plaintiff has adequate time to process information and is not pressured into real-time decision-making on settlement terms.

4.  Plaintiff may request that mediation be conducted over multiple sessions rather than a single session if disability-related fatigue or processing barriers require it.

5.  No settlement shall be binding until Plaintiff has had at least 48 hours after the conclusion of mediation to review any proposed terms in writing and confirm acceptance.

These protections are consistent with the Court's obligation to ensure that pro se litigants with disabilities can participate meaningfully in court-ordered ADR. *See* ECF 33, B-1 Declaration.

## VIII. DISPOSITIVE MOTIONS

All dispositive motions (Motions for Summary Judgment) shall be filed no later than **May 9, 2027** (45 days after discovery cutoff). Response briefs due 21 days after filing; reply briefs due 14 days after response. All dispositive motions are directed to District Judge George C. Hanks, Jr.

## IX. PRETRIAL CONFERENCE AND TRIAL

1.  **Pretrial conference:** To be set by the Court approximately 30 days before trial.

2.  **Trial readiness date:** No earlier than **June 2027** (approximately 14 months from scheduling order).

3.  **Estimated trial length:** 35–40 hours for Plaintiff's case-in-chief. Total trial estimate: 8–10 trial days.

4.  **Jury demand:** Plaintiff made a timely jury demand in the original Complaint (ECF 1) per FRCP 38(b).

## X. PENDING MOTIONS

1. **ECF 32** — Plaintiff's Renewed Combined Motion for Appointment of Counsel and ADA Accommodations (filed February 25, 2026). **Still pending.** Motion Docket Date: March 18, 2026. No formal opposition filed by any Defendant.

2. **ECF 34** — Plaintiff's Combined Motion for Extension of Time and Continuance — **DENIED** (ECF 35, March 5, 2026). Amendment deadline and scheduling matters addressed at this ISC.

3. **ECF 36** — Plaintiff's Second Notice of Errata and Supplement to ECF 32 and ECF 33 (filed March 8, 2026).

4. **Schedule Modification Upon Appointment of Counsel.** If ECF 32 is granted and counsel is appointed after the entry of this Scheduling Order, the appointed counsel shall have 30 days from the date of appearance to file a motion to modify this Scheduling Order for good cause. All unexpired deadlines shall be tolled for 30 days from the date of counsel's appearance to allow counsel adequate time to review the file, assess the case, and consult with Plaintiff. This provision does not affect any deadlines that have already passed.

5. **Accommodation Sufficiency Review.** If ECF 32 is denied, the disability accommodations in Section V of this Order become the sole procedural protections for Plaintiff's meaningful participation. Plaintiff reserves the right to seek modification of any accommodation provision that proves insufficient in practice, consistent with the Court's continuing obligation to ensure access to justice for litigants with disabilities.

IT IS SO ORDERED.

SIGNED this *day of* __, 2026.

**HON. RICHARD W. BENNETT**

**UNITED STATES MAGISTRATE JUDGE**