**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

AMANDA L. KONDRAT'YEV,
    Plaintiff,
v.
NASA JOHNSON SPACE CENTER,
LEIDOS HOLDINGS INC., and
ALL POINTS LOGISTICS LLC,
    Defendants.

Civil Action No. 4:25-cv-04785

**Attachment 1 — Corrected Section 1 (Rule 26(f) Conference Description)**

**1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The Rule 26(f) conference was conducted via Microsoft Teams videoconference. Defense counsel scheduled the conference and provided Plaintiff with a Microsoft Teams meeting invitation for both sessions by email.

Plaintiff disputes Defendants' characterization in ECF 37 that Plaintiff "did not participate meaningfully" in the March 2, 2026 conference. Plaintiff participated throughout the conference, raised multiple substantive topics (including discovery format), and agreed to provide written responses and a brief written case description following the call.

- **Session 1 — Monday, March 2, 2026 at 12:00 PM CT:** Amanda Kondrat'yev (Plaintiff, Pro Se), Ariel Wiley (NASA/DOJ), and Katherine Strathman (All Points/Gordon Rees) attended. Despite confirming availability for March 2, 2026 by email, Leidos counsel Stephen J. Quezada (Ogletree Deakins) did not attend the March 2 session. At the close of Session 1, defense counsel indicated a follow-up

1

session would be held the following day and that a Teams invitation would be sent to Plaintiff for that session.

- **Session 2 — Tuesday, March 3, 2026 at 12:00 PM CT (scheduled):** Defense counsel sent Plaintiff a Microsoft Teams meeting invitation for the March 3 session. Before the scheduled session, Plaintiff emailed all defense counsel to inform them she would be unable to attend the scheduled meet and confer call at noon. During the March 2, 2026 session, Plaintiff explained that Plaintiff had a pending renewed motion for disability accommodations and that Plaintiff's disability symptoms make written communication significantly more feasible than real-time verbal conferral. Plaintiff further referenced that Plaintiff had separately sent an LR 7.1(D) conferral email regarding scheduling relief.

ECF 37 (filed by Defendants on March 13, 2026, without circulating a draft to Plaintiff) characterizes Plaintiff's March 3 communication as follows: "At 11:45 AM on March 3, 2025 [sic], Plaintiff informed everyone that she would not attend the meeting and requested more time." Plaintiff disputes this characterization. Plaintiff's March 3 email did not include a request for "more time"; it stated that Plaintiff would be unable to attend the noon call. Minutes earlier that morning, Plaintiff sent a separate LR 7.1(D) conferral email requesting scheduling relief. Plaintiff's separate email regarding the noon meet-and-confer did not request "more time" and instead referenced the earlier conferral email. Plaintiff further notes that ECF 37 contains a typographical error in the date ("March 3, 2025" rather than "March 3, 2026").

2

3

Plaintiff never received a draft of ECF 37 prior to its filing on March 13, 2026, and had no opportunity to review or respond to Defendants' characterization before it was submitted to the Court.