United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA L KONDRAT'YEV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-4785 |
| | § | |
| NASA JOHNSON SPACE | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is *pro se* Plaintiff Amanda L Kondrat'yev's ("Plaintiff") Renewed Combined Motion for Appointment of Counsel and Disability Accommodations.  (ECF No. 32; *see also* ECF Nos. 33, 36).

Plaintiff's case involves allegations of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq.  Title VII provides "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."  42 U.S.C. § 2000e-5(f)(1).  Notwithstanding this statutory authority, "[t]here is no automatic right to the appointment of counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990).  "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court."

*Id.* Courts consider the following factors in determining whether to appoint an attorney in a Title VII case: (1) the merits of the claim; (2) the plaintiff's own efforts to secure private counsel; and (3) the plaintiff's financial ability to retain private counsel. *Id.* at 580. No single factor is conclusive. *Id.* Courts also consider the plaintiff's ability, under the circumstances of the case, to litigate the case without the assistance of an attorney. *See Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166–67 (5th Cir. 1990). This same analysis is applied in cases brought under the ADA. *See Johnson v. City of Port Arthur*, 892 F. Supp. 835, 840 (E.D. Tex. 1995).

Regarding Plaintiff's ability to present her case, from the pleadings and the supporting documents found in the record, Plaintiff has not provided background information regarding her education. However, in Plaintiff's *in forma pauperis* ("IFP") application, she indicated she owes $30,000 in student loan debt. (4:25-mc-1874, ECF No. 1 at 2). Assuming Plaintiff was attempting to pursue some sort of higher education, the Court finds she likely possesses the ability to explain the factual circumstances underlying her complaint in a succinct and clear manner. *See Pinkard v. Wilkie*, No. 19-cv-849, 2019 WL 13020834, at *2 (W.D. Tex. Oct. 7, 2019) (finding a plaintiff with an associate's degree should be able to litigate a case without an attorney); *Lara v. Dep't of Air Force*, No. 06-cv-626, 2006 WL 2241233, at *1 (W.D. Tex. Aug. 3, 2006)

2

(noting an eleventh-grade education was enough for a court to find a plaintiff possessed the ability to represent herself).  Further, Plaintiff filed her claim with the Equal Employment Opportunity Commission and appears to have followed all of the necessary procedures to preserve her discrimination claim. This suggests "an ability to understand what is necessary to prosecute a lawsuit in federal court."  *Lampkin v. Tex. Dep't of Pub. Safety*, No. 12-cv-876, 2013 WL 264541, at *7 (W.D. Tex. Jan. 22, 2013).  In Plaintiff's amended motion, Plaintiff states that her ability to effectively present this case without counsel is substantially limited due to her medical diagnoses.  (ECF No. 32 at 14–15).  Plaintiff does not address the question of her education.  The Court ultimately finds this factor weighs against granting Plaintiff's request.

Next, the Court considers whether Plaintiff has made efforts to secure counsel.  "A plaintiff must make a reasonable effort to secure counsel on her own."  *Id.*  In Plaintiff's renewed motion, Plaintiff states that she has contacted more than sixteen employment attorneys over the past nineteen months, but that they each declined for various reasons.  (*See* ECF No. 32 at 7–8).  Based on the information Plaintiff provided, this factor weighs in favor of granting Plaintiff's request.  *See Tatum v. Cmty. Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994) ("Ms. Tatum's actions indicate that she was reasonably diligent in her efforts to secure counsel.  Therefore, the analysis on this factor points in favor

of granting the motion."); *Berrios v. Miller*, No. 22-cv-139, 2024 WL 40218, at *3 (W.D. Tex. Jan. 3, 2024) ("Plaintiff . . . indicates that she has contacted several additional attorneys and explored the possibility of contingent fee arrangements with private attorneys. As such, this factor weighs in favor of the appointment of counsel.").

In analyzing whether Plaintiff has the financial means to retain private counsel, "a showing of poverty equal to that which is necessary to support a motion to proceed [IFP] is not required." *Lara*, 2006 WL 2241233, at *2. Instead, "[t]here need only be insufficient assets and income to enable plaintiff to afford an attorney to investigate and file her claim." *Id.* Here, Plaintiff states she "cannot afford counsel as documented in the IFP application." (ECF No. 3 at 2). In Plaintiff's IFP application, she indicated she is not currently employed and receives approximately $1,100.00 in government and private assistance. (4:25-mc-1874, ECF No. 1 at 1). Plaintiff states she has $800.00 and does not have any other assets. (*Id.* at 2). Plaintiff further states she has one minor child and that her monthly expenses total $1,565.00. (*Id.*). Lastly, Plaintiff states she owes $3500.00 in credit card debt and $30,000 in student loan debt. Based on the information presented, Plaintiff's present financial circumstances do not allow her income sufficient to retain counsel. In her renewed motion, Plaintiff states that her financial circumstances have not

changed. (ECF No. 32 at 6–7). As such, this factor weighs in favor of granting Plaintiff's request. *See Lara*, 2006 WL 2241233, at *2.

The final factor is whether Plaintiff presents a meritorious claim. An evaluation of the merits of Plaintiff's claims is required because it would be unfair to "impos[e] service upon a member of the bar in a patently frivolous case." *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 594 (E.D. Tex. 1995) Moreover, it would be "unfair" to appoint an attorney in a case that, while not frivolous, did not appear likely to succeed. *See Reado v. Texas General Land Office*, 929 F. Supp. 1046, 1053 (E.D. Tex. 1996). Nevertheless, the Court should still interpret *pro se* complaints liberally. *See Thomas v. Norris*, No. 1:07-cv-573, 2008 WL 859190, at *2 (E.D. Tex. Mar. 28, 2008) (citing *Peña v. United States*, 122 F.3d 3, 4 (5th Cir. 1997)). In making this evaluation, the Court should accept movant's allegations as true, unless they rise to the level of being wholly irrational or incredible. *See id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Weighing facts in a movant's favor also means the Court should grant movant all reasonable inferences of their factual contentions. *See id.* (citing *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991)). Therefore, if movant asserts a recognized legal theory and facts supporting such a claim, the claim is not wholly frivolous and should survive frivolousness review. *See Denton*, 504 U.S. at 32–33; *Reado v. Tex. Gen. Land*

*Office*, 929 F. Supp. 1046, 1053 (E.D. Tex. 1996) ("Examination of the merits of the case *sua sponte* before the defendant has been required to answer is akin to frivolousness review of a general *in forma pauperis* proceeding in that it cannot serve as a fact finding process for the resolution of disputed facts.").

Here, Plaintiff complains of the following discriminatory conduct: (1) termination of employment; (2) failure to promote; (3) failure to accommodate; (4) unequal terms and conditions of employment; (5) retaliation; (6) sexual harassment; (7) hostile work environment; (8) "denial of ADA proc."[1] (ECF No. 1 at 4). Plaintiff alleges she was discriminated against based on her race, gender/sex, and disabilities. (*Id.*).

> Plaintiff provided the following facts in support of her case:

> Plaintiff worked at NASA JSC from Sept. 2022–Jan. 4, 2024 under joint employers Leidos and All Points. An Asian American woman with ADHD, PTSD (pre-hire) and ASD (confirmed 3.10.25), she endured sexual harassment, disability discrimination, denial of accommodations, and retaliation, culminating in wrongful termination on Jan. 4, 2024. The full factual basis is set forth in Exhibits A–L (EEOC Charges No. 460-2024-09354 & 460-2024-0943; EDEO NCN-24-JSC-00038; TWS 3719044; OFCCP I00311965; medical records; meeting notes), all incorporated by reference. Plaintiff reserves the right to amend these allegations

---

[1] As mentioned, Plaintiff previously filed a motion for appointment of counsel, which this Court denied. (*See* ECF No. 13). Since that time, Plaintiff filed a motion for extend her deadline to file an amended complaint, which the Court granted. (*See* ECF No. 31). However, Plaintiff did not file an amended complaint. Further, to the extent Plaintiff attempts to introduce new information in her briefing (*see* ECF Nos. 32–33, 36) that support her claims, the Court will not consider allegations that are not a part of her pleadings. As such, the Court's review of Plaintiff's allegations remains unchanged from its prior Order. (*See* ECF No. 13).

and assert additional facts or claims reasonably related to the employment discrimination described in the attached materials.

(ECF No. 1 at 5). In the documents Plaintiff filed with the Court, she also states she experienced sexual harassment and worked in a misogynistic environment. (ECF No. 1-1 at 1). Plaintiff describes various incidents, including other employees being treated better than her, feeling uncomfortable around a supervisor, being given "large deployments" after requesting accommodations, being assaulted by an individual who pushed boxes onto Plaintiff, and being told she was terminated for making a false report. (*Id.* at 1–2).

From the Court's initial review, it notes that Plaintiff's factual allegations do not mention her race or her mental disabilities. For example, to establish a *prima facie* claim for race discrimination under Title VII, Plaintiff must show that she (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group. *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (internal quotations omitted). Plaintiff states she is an Asian American woman (ECF No. 1 at 5) but does not state whether she was qualified for the position at issue. Plaintiff also states she was

7

terminated.  (ECF No. 1-1 at 3).  However, Plaintiff does not address whether she was replaced by someone outside her protected group.  Plaintiff alleges her supervisor treated a certain employer "nicer" and hired friends who allegedly received promotions and certain positions over others.  (*Id.* at 1).  However, Plaintiff does not specifically explain if these were similarly situated employees outside the protected group.

Similarly, to establish *prima facie* discrimination under the ADA, Plaintiff must show that she (1) has a disability; (2) was qualified for the position; and (3) was subject to an adverse employment decision due to her disability.  *Dupre v. Charter Behavioral Health Systems of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001).  Plaintiff states she has "ADHD, PTSD (pre-hire) and ASD (confirmed 3.10.25)."  (ECF No. 1 at 5).  Plaintiff also states she "requested ADA accommodations in writing and offered medical documentation" but that she was told "the ADA is only for significant life activities and they would not provide any accommodations."  (ECF No. 1-1 at 2).  Even assuming that Plaintiff has satisfied the first two elements for establishing a claim under the ADA, Plaintiff does not assert facts suggesting that her disability played a role in the decision to terminate her employment. *See Lampkin*, 2013 WL 264541, at *4 ("In other words, Lampkin has presented

no facts that suggest any causal link between her alleged disability and TDPS's employment decision.").

Further, to establish a *prima facie* case of sex discrimination under Title VII, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *See Stanton v. Jarvis Christian Coll.*, 417 F. Supp. 3d 811, 818 (E.D. Tex. 2019), *report and recommendation adopted*, No. 6:18-cv-479, 2019 WL 6034975 (E.D. Tex. Nov. 13, 2019). Again, Plaintiff does not address her qualifications for a position she sought or provide details as to whether others similarly situated but outside the protected class were treated more favorably.

As such, while this case is not frivolous within the meaning of 28 U.S.C. § 1915(d), this does not appear to be a particularly strong Title VII or ADA case, and the "merits of the case" factor does not weigh in favor of appointed counsel. *See Reado*, 929 F. Supp. at 1053; *Berrios*, 2024 WL 40218, at *9 ("In sum, while it is perhaps possible the present facts could be sufficient to survive a motion to dismiss, the Plaintiff's case does not now appear a particularly meritorious Title VII case, and the 'merits of the case' factor does not weigh in favor of appointing counsel.").

Overall, the balance of factors does not weigh in favor of granting Plaintiff's request.  Despite her financial inability to retain counsel, Plaintiff has shown that she can, thus far, present her own case.  For these reasons, Plaintiff's renewed motion (ECF No. 32) is **DENIED**.  *See Tatum*, 866 F. Supp. at 999 ("Movant has shown that she cannot afford an attorney, and that she has made diligent attempts to obtain one.  Thus, two of the three factors for appointment of counsel favor her.  However, as noted above, the merits of this case do not indicate a substantial likelihood of success. . . . Therefore, these facts favor denying movant's motion for appointment of counsel.").

As to Plaintiff's alternative request for specific disability accommodations (ECF No. 32 at 15–17), the Court will consider specific requests for accommodations on a case-by-case basis at the time of any proceedings.

It is **SO ORDERED**.

**SIGNED** in Houston, Texas on March 25, 2026.

Richard W. Bennett
United States Magistrate Judge

10