May 8, 2026

The Honorable George C. Hanks, Jr.
United State District Judge
Bob Casey Federal Court House
515 Rusk Street, Room 6202
Houston, TX 77002

**RE:** ***Kondrat'yev v. NASA Johnson Space Center, et al.,* Civ. A. No. 4:25-CV-4785 – Defendants' Letter Requesting Pre-Motion Conference re Motion to Dismiss**

Your Honor:

Plaintiff Amanda Kondrat'yev is *pro se*. Pursuant to the Court's Procedures, Defendants Leidos Holdings, Inc., All Points Logistics, and NASA request a pre-motion conference regarding Plaintiff's First Amended Complaint (Dkt. No. 45).

### I.    Defendant All Points' Request to Move to Dismiss Plaintiff's Claims under 12(b)(6)

Defendant All Points respectfully requests permission to file a motion to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6). Plaintiff's First Amended Complaint spans 259 pages, incorporates prior allegations into every count, includes extensive immaterial factual narrative, legal argument, conclusory assertions, and speculative allegations that obscure the actual bases for liability. Additionally, several claims exceed the scope of Plaintiff's EEOC Charge and are therefore unexhausted. Specifically, All Points seeks dismissal of Plaintiff's Title VII race discrimination claim, as no allegation of race discrimination was included in, or reasonably related to, the EEOC Charge. Several of Plaintiff's common-law causes of action are also preempted by, duplicative of, or otherwise barred by the comprehensive remedial schemes governing Plaintiff's federal employment claims because they rely on the same underlying facts supporting Plaintiff's discrimination, harassment and retaliation claims under Title VII and related employment statutes. Further, many of Plaintiff's causes of action fail because Plaintiff does not plausibly allege facts sufficient to establish the required elements of the asserted claims or raise her right to relief above the speculative level.

Accordingly, All Points respectfully requests this Court grant it permission to file a motion to dismiss.

Defendant All Points further notes that Defendants Robyn Smith and Ed Scarborough have not been served.  Robyn Smith and Ed Scarborough are not making an appearance in this case by this letter.

### a. Relief Requested by Defendant All Points
### i. Attorneys' Fees

If Defendant All Points is forced to defend this lawsuit, All Points requests recovery of its attorneys' fees under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 12205. A prevailing defendant in a Title VII case may recover attorneys' fees upon a finding that plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

## II.    Defendant NASA Request to Move to Dismiss under 12(b)(1) and 12(b)(6).

As an initial matter, Title VII claims require the existence of an employment relationship for standing purposes. *Diggs v. Harris Hosp.--Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988) ("[A] Title VII claim must necessarily involve an employment relationship"). "To determine whether an entity exercises enough control over an individual to qualify as his employer, [the Fifth Circuit] appl[ies] a 'hybrid economic realities/common law control test.'" *Perry v. VHS S.A. Partners, L.L.C.*, 990 F.3d 918, 928-29 (5th Cir. 2021) (quoting *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118-19 (5th Cir. 1993)). "The right to control the employee's conduct is the most important component." *Id*. at 929. The control component "focus[es] on the right to hire and fire, the right to supervise, and the right to set the employee's work schedule." *Id*. The "economic-realities component . . . focuses on who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id*. Plaintiff alleges that she has joint employment with Leidos and NASA, however, this is inaccurate. Plaintiff does not and has not ever worked for NASA during the relevant time related to Plaintiff's claims. Plaintiff has not made any allegations that NASA has control over Leidos or Plaintiff's conduct. Therefore, Plaintiff does not have standing to bring a claim against NASA, and her claims should be dismissed against them.

Defendant NASA respectfully requests permission to file a motion to dismiss.

## III.    Defendant Leidos Holdings Inc. Request to Move to Dismiss under FRCP 12(b)(6).

Defendant Leidos Holdings Inc. notes that neither Leidos, Inc. nor Leidos Innovation Corporation have been served. Leidos, Inc. and Leidos Innovation Corporation are not making an appearance in this case by this letter.

Leidos Holdings requests approval to file a motion to dismiss Plaintiff's Title VII and ADA claims pursuant to FRCP 12(b)(6) because Plaintiff did not exhaust administrative remedies against Leidos Holdings. Plaintiff did not name Leidos Holdings in the Charge of Discrimination that she filed with the EEOC. Leidos Holdings did not respond to Plaintiff's Charge. Leidos, Inc., a separate legal entity, received notice of Plaintiff's Charge of Discrimination and responded to it. In its Position Statement, Leidos, Inc. indicated that it was the legal entity responding to Plaintiff's Charge of Discrimination and stated that it was the contracting entity with NASA and with All Points Logistics, LLC. Notwithstanding, Plaintiff named Leidos Holdings, an incorrect entity, in

her Complaint. Leidos Holdings therefore wishes to dismiss Plaintiff's Complaint as to it. Amendment would be futile, as the 90-day limitations period following the issuance of the Notice of Right to Sue has expired. Thus, the Title VII and ADA claims should be dismissed.

Leidos Holdings requests approval to file a motion to dismiss the balance of Plaintiff's claims because they lack factual allegations to support one or more element of each claim.

Based on the foregoing, Defendants respectfully request a pre-motion conference to address their intention to file a Motion to Dismiss.

Respectfully submitted,

*/s/ Ariel Wiley\**

**Ariel Nicole Wiley**
State Bar No. 24093366
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9344 (Telephone)
ariel.wiley@usdoj.gov

**ATTORNEY FOR DEFENDANT
NASA JOHNSON SPACE CENTER**

*/s/ Stephen J. Quezada\**

**Stephen J. Quezada**
Ogletree Deakins
One Allen Center
500 Dallas Street, Suite 2100
Houston, TX 77002
(713) 655-0855 (Telephone)
Stephen.quezada@ogletreedeakins.com

**ATTORNEY FOR DEFENDANT LEIDOS, INC., LEIDOS HOLDINGS, INC., AND LEIDOS INNOVATION CORPORATION**

*/s/ Katherine Strathman*
**Laura E. De Santos – Lead Counsel**
State Bar No. 00793612
SDTX No. 19328
**Katherine D. Strathman**
State Bar No. 24137365
SDTX No. 3861991
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
ldesantos@grsm.com
kstrathman@grsm.com

**ATTORNEYS FOR DEFENDANT**
**ALL POINTS LOGISTICS LLC**

*\*denotes signed with permission.*

## CONFERRAL CERTIFICATE

On May 7, 2026, Counsel for Defendant All Points Logistics, LLC, on behalf of Defendants All Points Logistics, LLC, Leidos, and NASA, conferred with Plaintiff Amanda Kondrat'yev via email regarding Defendants' intent to file a pre-motion conference letter seeking to file a Rule 12 motion to dismiss Plaintiff's First Amended Complaint. Counsel for All Points further advised Plaintiff that All Points intends to seek recovery of attorneys' fees to the extent permitted by applicable law. Plaintiff was requested to advise whether she opposed Defendants' request to move to dismiss and All Points' request for attorneys' fees. As of the submission of this letter, Plaintiff has not indicated whether she opposes the requested relief.

/s/ *Katherine Strathman*
**Katherine Strathman**