**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

AMANDA L. KONDRAT'YEV,
  Plaintiff,

v.

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION ("NASA");
LEIDOS HOLDINGS, INC.;
LEIDOS, INC.;
LEIDOS INNOVATIONS CORPORATION;
ALL POINTS LOGISTICS, LLC;
TEKFIVE, INC.;
SEABROOK SOLUTIONS, LLC;
BRENT WONG;
CHRISTY MURRAY;
ED SCARBOROUGH;
ROBYN SMITH;
SUSANA KANE;
JOHN WALTERS;
DANIEL MURPHY;
TRAVIS McFARLAND;
BRIAN LYNN;
CRISTIAN GARCIA;
TRISTIAN CASTRO; and
CAROLYN DIANNE BRIEF,
  Defendants.

Civil Action No. 4:25-cv-04785

**NOTICE OF ERRATA AND SUPPLEMENT TO PLAINTIFF'S FIRST**

**AMENDED COMPLAINT (ECF NO. 45)**

TO THE HONORABLE COURT:

Plaintiff Amanda L. Kondrat'yev, appearing pro se, respectfully submits this Notice of

Errata and Supplement to her First Amended Complaint (ECF No. 45, filed April 24,

2026) for two purposes: (1) to correct certain clerical and structural matters in the filed

text; and (2) consistent with Plaintiff's express reservation in the First Amended

1

Complaint, to supplement citations with verified pin-cites, parallel citations, and subsequent-history acknowledgments.

No new claims are asserted by this Notice, no new defendants are added by this Notice, and no substantive amendments are made by this Notice. Amendment of substantive matters, if any becomes necessary, will be addressed by separate motion under Federal Rule of Civil Procedure 15(a)(2). For the avoidance of doubt, the disclosure in the following paragraph regarding 42 U.S.C. § 2000e-16(c) flags an item Plaintiff intends to address by separate Rule 15(a)(2) motion; it is not effected by this Notice.

This filing is submitted in the same manner as Plaintiff's prior Notices of Errata and Supplement (ECF No. 33, addressing ECF No. 32; and ECF No. 36, addressing ECF No. 33).

Plaintiff further acknowledges that Count XXIX (Title VII federal-sector discrimination) currently names "NASA" and "NASA Johnson Space Center" as defendants rather than the NASA Administrator in official capacity, the proper defendant under 42 U.S.C. § 2000e-16(c). Plaintiff will confer with counsel regarding substitution of the proper § 2000e-16(c) defendant and intends to file a motion under Federal Rule of Civil Procedure 15(a)(2) seeking leave to substitute the proper defendant within fourteen (14) days following such conferral.

## I. ERRATA — CAPTION AND CORPORATE-FORM CONFORMANCE THROUGHOUT BODY

**Reason for correction:** The First Amended Complaint caption omits corporate-form designations for two newly added entity defendants. In addition, the body of the

Complaint refers to those two defendants in mixed fashion — sometimes using the short forms ("TekFive"; "Seabrook Solutions") and sometimes using the full forms ("TekFive, Inc."; "Seabrook Solutions, LLC"). The caption is corrected to use the full forms, and all body references using the short forms are conformed to the full forms for internal consistency.

**Original caption (in pertinent part):** "TEKFIVE; SEABROOK SOLUTIONS;"

**Corrected caption (in pertinent part):** "TEKFIVE, INC.; SEABROOK SOLUTIONS, LLC;"

**Body conform.** All references in the body of the First Amended Complaint to "TekFive" (without "Inc.") are conformed to "TekFive, Inc." All references to "Seabrook Solutions" (without "LLC") are conformed to "Seabrook Solutions, LLC." References that already use the full corporate forms (including the Count XIV, Count XX, and Count XXII headings, and the integrated-operations passage in the joint-employer section) remain unchanged. References to these defendants in the Certificate of Service that already use the full corporate forms remain unchanged.

The corrected caption is reflected in the heading of this Notice.

## II. ERRATA — REMOVAL OF INADVERTENT INTERNAL DRAFTING ANNOTATIONS

**Reason for correction:** Two internal drafting annotations describing the document's count-renumbering history were inadvertently retained in the final filed text. They are not substantive allegations and are removed.

**Correction A — Count III, ¶ 7 (closing paragraph).**

3

- **Original:** "As a direct result, Plaintiff suffered lost wages, emotional distress, and other damages. Count IV migrated from Part 3 — Counts I–VIII."

- **Corrected:** "As a direct result, Plaintiff suffered lost wages, emotional distress, and other damages."

**Correction B — Count XI, ¶ 8 (closing paragraph).**

- **Original:** "As a direct result, Plaintiff suffered lost wages, lost overtime, and is entitled to back pay, liquidated damages equal to back pay, and attorney's fees. Count XII migrated from Part 4 — Counts IX–XV."

- **Corrected:** "As a direct result, Plaintiff suffered lost wages, lost overtime, and is entitled to back pay, liquidated damages equal to back pay, and attorney's fees."

The trailing "Count [number] migrated from Part [number]" sentence is deleted from each.

## III. ERRATA — RESOLUTION OF DRAFTING-STAGE BRACKETED NOTE AT HAMILTON CITATION

**Reason for correction:** A drafting-stage bracketed note was retained alongside the citation to *Hamilton v. Dallas County*. The note read: "[Unverified pinpoint — reporter volume verified; insert specific page cite from published opinion before filing.]" The pinpoint is now provided, and the bracketed note is removed. The pinpoint correction is also reflected in Section IX below (Citation Correction Index, Cite ID #77).

**Original (in pertinent part):** "Hamilton v. Dallas County, 79 F.4th 494 (5th Cir. 2023) (en banc), the Fifth Circuit retired the 'ultimate employment decision' standard . . . .

4

[Unverified pinpoint — reporter volume verified; insert specific page cite from published opinion before filing.]"

**Corrected (in pertinent part):** "*Hamilton v. Dallas County*, 79 F.4th 494, 497 (5th Cir. 2023) (en banc), the Fifth Circuit retired the 'ultimate employment decision' standard . . . ."

## IV. ERRATA — DEFENDANT NAMING CONSISTENCY (COUNT XXII)

**Reason for correction:** The Count XXII defendant list refers to one defendant by going-by short form ("Dianne Brief") whereas the caption and other Counts use the formal legal name ("Carolyn Dianne Brief"). The Count XXII reference is conformed to the caption form for internal consistency.

**Original (in pertinent part), Count XXII heading:** ". . . John Walters, Daniel Murphy, Brian Lynn, and Dianne Brief"

**Corrected:** ". . . John Walters, Daniel Murphy, Brian Lynn, and Carolyn Dianne Brief"

## V. ERRATA — COUNT XXVIII RESERVATION (BODY PLACEHOLDER)

**Reason for correction:** The Table of Contents reserves Count XXVIII as withdrawn pre-filing and preserved for Rule 15 leave to amend, but the body of the First Amended Complaint proceeds directly from Count XXVII to Count XXIX without an in-body reference to the reservation. The following body placeholder is added between Count XXVII and Count XXIX to mirror the Table of Contents and provide the Court and the parties with notice of the reservation in the operative text.

**Inserted (in pertinent part), between Count XXVII and Count XXIX:**

**COUNT XXVIII** — RESERVED. This Count was withdrawn before filing and is preserved for leave to amend under Federal Rule of Civil Procedure 15(a)(2) should discovery so warrant.

## VI. ERRATA — *ROBBINS v. NASA* EEOC HEARING-NUMBER PUNCTUATION

**Reason for correction:** The First Amended Complaint cites the EEOC hearing number for *Robbins v. NASA* in two punctuation forms. The official EEOC hearing-number format uses hyphens. All instances are conformed to the hyphenated form.

**Corrected to read uniformly:** "EEOC Hearing No. 531-2014-00109X."

## VI-A. ERRATA — VPN INCIDENT DATE INTERNAL CONFORM

**Reason for correction:** The First Amended Complaint's factual narrative dates the underlying VPN-provisioning incident in two ways. The accurate date — October 21–22, 2023 — is used at Count V's overtime-cancellation paragraph (cross-reference at Count XVIII), which states: "approximately 29 days after the October 21–22, 2023 VPN incident." A separate paragraph in Section V.D.7 of Plaintiff's ADA-discrimination factual narrative refers to "the November 2023 VPN incident." The reference in Section V.D.7 is a clerical inconsistency: the underlying incident occurred October 21–22, 2023, and the November 2023 references throughout the Complaint pertain to the retaliatory-discipline-and-overtime-cancellation timing window that followed the October incident. References attributing characterization to Defendants (e.g., quoted "VPN security event" attributed to Defendants' usage) remain unchanged.

**Corrected to read:** "the October 21–22, 2023 VPN incident" (in lieu of "the November 2023 VPN incident") at the Section V.D.7 paragraph addressing failure-to-train and Defendants' subsequent use of the incident as a basis for selective discipline.

## VII. ERRATA — RECONCILIATION OF NASA REFERENCES TO MATCH CAPTION

**Reason for correction:** The First Amended Complaint caption identifies "National Aeronautics and Space Administration ('NASA')" as the federal-agency defendant. References throughout the body of the Complaint and in the Certificate of Service short caption that refer to "NASA Johnson Space Center" as the named defendant are reconciled to refer to "NASA" or the "National Aeronautics and Space Administration," consistent with the caption. References to "NASA Johnson Space Center" as the physical worksite where Plaintiff worked, or as a location, remain unchanged.

For clarity, the corrected language reads:

- Where the original text referred to "Defendant NASA Johnson Space Center" as a party, the corrected text reads "Defendant National Aeronautics and Space Administration" or "Defendant NASA."

- Where the original text referred to "NASA Johnson Space Center" as a physical place or worksite (e.g., "at NASA Johnson Space Center"), the language remains unchanged.

- The Certificate of Service short caption is corrected to read "*NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.*" in place of "*NASA JOHNSON SPACE CENTER, et al.*"

7

This Section VII conforms body references to the caption already filed; it does not effect a substitution of party and does not change the federal-agency defendant identified in the operative caption. The proper defendant under 42 U.S.C. § 2000e-16(c) for Count XXIX (Title VII federal-sector discrimination) is addressed separately in this Notice's introductory disclosure paragraph and will be the subject of a separate motion under Federal Rule of Civil Procedure 15(a)(2).

## VIII. ERRATA — WITHDRAWAL OF *HOFFMANN-LA ROCHE INC. v. ZELTWANGER* FROM COUNT XIII

**Reason for correction:** Count XIII (Intentional Infliction of Emotional Distress) currently cites *Hoffmann-La Roche Inc. v. Zeltwanger,* 144 S.W.3d 438, 445 (Tex. 2004), at ¶ 10 for the elements of the IIED tort under Texas common law. Subsequent verification confirms that this authority's operative holding is the IIED gap-filler doctrine — preempting IIED where the gravamen of the conduct is otherwise covered by the Texas Commission on Human Rights Act — and that citing *Hoffmann-La Roche* in the manner currently used could be read against the proposition Plaintiff intends. The citation is withdrawn from Count XIII, ¶ 10. The Texas common-law statement of the IIED elements stands without that citation; the "extreme and outrageous" standard remains supported by *GTE Southwest, Inc. v. Bruce,* 998 S.W.2d 605 (Tex. 1999), separately cited within Count XIII (with pin-cite supplementation as set forth in Attachment 1).

**Original (in pertinent part), Count XIII, ¶ 10:** "Under Texas common law, intentional infliction of emotional distress requires: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions caused the

8

plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). [verification pending — Plaintiff will supplement within 14 days]"

**Corrected (in pertinent part), Count XIII, ¶ 10:** "Under Texas common law, intentional infliction of emotional distress requires: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions caused the plaintiff emotional distress; and (4) the emotional distress was severe."

## VIII-A. ERRATA — WITHDRAWAL OF *OWENS v. CIRCASSIA PHARM., INC.* FROM ALL INSTANCES

**Reason for correction:** The First Amended Complaint cites *Owens v. Circassia Pharm., Inc.*, 33 F.4th 814 (5th Cir. 2022), at four locations as authority for the proposition that shifting and inconsistent explanations (and/or comparator-based disparate treatment) demonstrate pretext under Fifth Circuit law: Count II ¶ 10 (ADA Discrimination), Count III ¶ 6 (ADA Retaliation), Count XXV ¶ 8 (Race Discrimination), and Count XXIX ¶ 10 (Title VII Federal-Sector Discrimination). Subsequent verification confirms that *Owens*'s operative holding restrictively applies the *Reeves* "pretext alone may be sufficient" framework against plaintiffs by requiring evidence of discriminatory motivation in addition to pretext, and is widely viewed in the practitioner community as a defense-favorable outlier on the *McDonnell Douglas* burden-shifting analysis. The citation is withdrawn from each of the four locations identified above. Pretext at each affected Count remains supported by the Fifth Circuit's general application of the *McDonnell Douglas* / *Reeves* framework — including *Reeves v. Sanderson Plumbing Prods., Inc.*,

9

530 U.S. 133 (2000), separately cited in the First Amended Complaint — together with the factual record of comparator evidence (Sauer, Hollan, Martinez), Defendants' shifting explanations across TWC, EEOC, OFCCP, ODEO, and the pleadings, and the express admissions by NASA Security Chief Russ Tucker (April 29, 2024) and APL HR Manager Robyn Smith that the falsification narrative driving termination was unsupported by NASA Security's actual findings. For the race-discrimination Count (XXV), pretext is additionally supported by the *Robbins v. NASA* FRE 404(b) pattern evidence pleaded in that Count.

**Correction A — Count II, ¶ 10 (ADA Discrimination).**

- **Original (in pertinent part):** "Similarly situated non-disabled comparators — Sauer, Hollan, and Martinez — were not subjected to the same discipline or termination despite equal or more serious conduct. This disparate treatment, combined with extraordinary temporal proximity (26 minutes, 6 days) and shifting explanations, establishes pretext under *Owens v. Circassia Pharm., Inc.,* 33 F.4th 814 (5th Cir. 2022) (pretext shown by evidence that stated reason is 'unworthy of credence' and discriminatory motive was real reason)."

- **Corrected:** "Similarly situated non-disabled comparators — Sauer, Hollan, and Martinez — were not subjected to the same discipline or termination despite equal or more serious conduct. This disparate treatment, combined with extraordinary temporal proximity (26 minutes, 6 days) and shifting explanations, establishes pretext."

**Correction B — Count III, ¶ 6 (ADA Retaliation).**

10

- **Original (in pertinent part):** "The disparate treatment of male comparators (Sauer, Hollan, Martinez) and shifting explanations further establish pretext under *Owens,* 33 F.4th at 820."

- **Corrected:** "The disparate treatment of male comparators (Sauer, Hollan, Martinez) and shifting explanations further establish pretext."

**Correction C — Count XXV, ¶ 8 (Race Discrimination).**

- **Original (in pertinent part):** "Defendants' shifting and internally inconsistent explanations across TWC, EEOC, OFCCP, and their Answer — including the March 25, 2024 admission by Robyn Smith that 'we were not told the actual results' from NASA Security — demonstrate pretext. *Owens v. Circassia Pharms., Inc.,* 33 F.4th 814 (5th Cir. 2022)."

- **Corrected:** "Defendants' shifting and internally inconsistent explanations across TWC, EEOC, OFCCP, and their Answer — including the March 25, 2024 admission by Robyn Smith that 'we were not told the actual results' from NASA Security — demonstrate pretext."

**Correction D — Count XXIX, ¶ 10 (Title VII Federal-Sector Discrimination).**

- **Original (in pertinent part):** "Pretext. NASA's and its agents' shifting and internally inconsistent explanations across TWC, EEOC, OFCCP, and the pleadings — including Tucker's April 29, 2024 admission that NASA Security never found falsification and Smith's admission that JSC Security did not direct termination — demonstrate pretext. *Owens v. Circassia Pharms., Inc.,* 33 F.4th 814 (5th Cir. 2022)."

11

- **Corrected:** "Pretext. NASA's and its agents' shifting and internally inconsistent explanations across TWC, EEOC, OFCCP, and the pleadings — including Tucker's April 29, 2024 admission that NASA Security never found falsification and Smith's admission that JSC Security did not direct termination — demonstrate pretext."

## IX. SUPPLEMENT — CITATION VERIFICATIONS PER FAC EXPRESS RESERVATION

The First Amended Complaint reserved, by means of bracketed notations of the form "[verification pending — Plaintiff will supplement within 14 days]," to supplement specific citations following Westlaw / Lexis citator verification of every pin-cite, parallel-citation, and subsequent-history. Pursuant to that reservation, Plaintiff submits the verifications set forth in **Attachment 1 (Citation Correction Index)**, which (a) supplies pin-cites where a pin was reserved, (b) deduplicates and unifies repeat citations, (c) acknowledges subsequent histories where applicable, and (d) substitutes one cite (Bucket II-A) where Westlaw KeyCite verification revealed superseding authority on the relied-upon proposition.

The "[verification pending — Plaintiff will supplement within 14 days]" notations are removed alongside each verified citation, consistent with the supplementation contemplated by the reservation language.

No new claims are asserted by this Notice. Citation supplementation under the First Amended Complaint's express reservation includes pin-cite verification, parallel-cite verification, subsequent-history acknowledgment, KeyCite-driven authority substitution where superseding authority controls, and the addition of companion authorities

12

(including circuit-specific cases) that bear on the same propositions for which the reserved citations were submitted. The reference to 42 U.S.C. § 2000e-16(c) in the introductory disclosure paragraph is for procedural-disclosure purposes only and is not added as a merits authority.

For the avoidance of doubt, the citation work undertaken by this Notice — including (a) the addition of pin-cites and parallel cites at locations where the First Amended Complaint expressly reserved "[verification pending — Plaintiff will supplement within 14 days]" notations; (b) the withdrawal of two specific authorities whose Westlaw KeyCite-confirmed holdings run against the propositions for which they were cited (*Hoffmann-La Roche Inc. v. Zeltwanger* and *Owens v. Circassia Pharmaceuticals, Inc.*); and (c) the addition of four Fifth Circuit companion authorities at locations where the First Amended Complaint expressly reserved supplementation (*Heath v. Bd. of Sup'rs for S. Univ. & Agric. & Mech. Coll., Honeycutt v. Long, Christopher v. Mobil Oil Corp.,* and *Teemac v. Henderson*) — constitutes citation supplementation under the bracketed reservation language of the First Amended Complaint. It does not effect, and is not, an amendment of any claim, theory, defendant, or factual allegation. No new claim is asserted; no new defendant is added; no factual allegation is altered. Plaintiff's legal theories as pleaded in the First Amended Complaint — pretext under the *McDonnell Douglas / Reeves* framework; intentional-infliction elements under *GTE Southwest, Inc. v. Bruce*; equitable tolling and equitable estoppel under *Wilson v. Sec'y, Dep't of VA, Granger v. Aaron's, Inc., Irwin v. Department of Veterans Affairs,* and *Manning v. Chevron Chemical Co.*; continuing violation under *National Railroad Passenger Corp. v.*

13

*Morgan*; and Rule 15(c) cure for the § 2000e-16(c) Administrator-naming defect — remain unchanged. The companion authorities supplement, but do not displace, the authorities already cited for those propositions; and where this Notice withdraws an authority, the underlying legal proposition remains supported by the other authorities pleaded in the First Amended Complaint for the same proposition. Substantive amendment of any claim or theory, if it becomes necessary, will be addressed by separate motion under Federal Rule of Civil Procedure 15(a)(2), as set forth in this Notice's introductory paragraph and in Section X below.

## X. PRESERVATION OF RIGHTS

Consistent with Section IV ¶ 9 of the First Amended Complaint and the express reservation language throughout the First Amended Complaint, Plaintiff reserves all rights to seek appropriate relief — including but not limited to relief under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and this Court's inherent authority — based on the conduct described in the First Amended Complaint and any further conduct of a similar nature that may occur during these proceedings. Nothing in this Notice of Errata and Supplement waives, narrows, or releases any right, claim, defense, theory, or argument preserved in the First Amended Complaint or in subsequent filings, including but not limited to:

· The right to refine claim theories and pleading structures (including Counts IV, XX, XXI, XXVI, XXVII, and XXIX) following discovery, consistent with the express reservation language in those Counts;

14

- The right to seek leave to amend under Federal Rule of Civil Procedure 15(a)(2) for matters not properly within the scope of a Notice of Errata — specifically including the § 2000e-16(c) Administrator-naming procedural-disclosure item identified in this Notice's introductory paragraph;

- The right to file a supplemental pleading under Federal Rule of Civil Procedure 15(d) addressing transactions, occurrences, or events that have happened or may happen after the filing of the First Amended Complaint, including any continuing retaliation, continuing false statements to federal or state agencies, or other ongoing course of conduct;

- All rights to file timely written objections under Federal Rule of Civil Procedure 72(a) (within fourteen days of any non-dispositive order of Magistrate Judge Bennett) and Federal Rule of Civil Procedure 72(b) (within fourteen days of any report and recommendation), with full preservation of de novo review rights under 28 U.S.C. § 636(b)(1) for objected-to portions of any report and recommendation;

- The right to refine the § 504 program-participation theory and the specific federal-financial-assistance nexus following discovery (FAC ¶ V.K, reservation incorporated by reference);

- The right to a jury trial as demanded in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 38(b), expressly preserved as to all claims so triable;

- The right to prove at trial all damages and equitable relief specified in the First Amended Complaint's Prayer for Relief, including the items expressly reserved "to be proven at trial" in Section VII;

15

- All rights, claims, theories, defenses, and arguments preserved by the bracketed "[verification pending — Plaintiff will supplement within 14 days]" notations in the First Amended Complaint, the supplementation of which by this Notice is without prejudice to any further citation work that may be appropriate;

- The right to liberal construction of Plaintiff's pro se pleadings under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

- All discovery rights, motion-practice rights, appellate rights, and trial rights preserved by the Federal Rules of Civil Procedure, the Local Rules of this Court, the standing orders of Judge Hanks and Magistrate Judge Bennett, and the Constitution and laws of the United States.

This Notice of Errata and Supplement is filed without prejudice to Plaintiff's pending administrative claims (NASA OIG Whistleblower Complaint § 4712, NASA ODEO formal complaint, OFCCP charge) and without waiver of the constructive-exhaustion timelines pleaded in the First Amended Complaint.

## XI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits this Notice of Errata and Supplement to her First Amended Complaint (ECF No. 45). No new arguments are raised; this filing corrects clerical and structural matters in the filed text and supplements citations consistent with the reservation expressly made in the First Amended Complaint.

Respectfully submitted,

/s/ Amanda L. Kondrat'yev

**AMANDA L. KONDRAT'YEV**

16

*Plaintiff, Pro Se*

1102 Buoy Rd

Houston, Texas 77062

Telephone: 346-366-0787

Email: amandakondratyev@gmail.com

Dated: May 8, 2026

### CERTIFICATE OF SERVICE

I, Amanda L. Kondrat'yev, hereby certify that on May 8, 2026, a true and correct copy of

this *Notice of Errata and Supplement to Plaintiff's First Amended Complaint (ECF No.*

*45)* was served on all counsel and parties of record as follows.

**A. Service via CM/ECF (Electronic Notice).** The following counsel of record are

served via the Court's CM/ECF electronic filing system, which generates a Notice of

Electronic Filing (NEF) constituting service under Fed. R. Civ. P. 5(b)(2)(E) and S.D.

Tex. LR 5.1:

1.   Ariel Nicole Wiley, Assistant United States Attorney    U.S. Department of Justice
        Counsel for Defendant National Aeronautics and Space Administration

2.   Stephen J. Quezada, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.    Counsel for
        Defendant Leidos Holdings, Inc.

3.   Laura E. De Santos and Katherine Strathman, Gordon Rees Scully Mansukhani, LLP
        Counsel for Defendant All Points Logistics, LLC

**B. Service on Newly Added Defendants Pending USMS Service.** The newly added

defendants listed in the caption to the First Amended Complaint who have not yet

17

appeared and are not registered CM/ECF users will receive service of this Notice through

the U.S. Marshal alongside service of the First Amended Complaint, pursuant to 28

U.S.C. § 1915(d) and Fed. R. Civ. P. 4.

/s/ Amanda L. Kondrat'yev **AMANDA L. KONDRAT'YEV** *Plaintiff, Pro Se*

## ATTACHMENT 1 — CITATION CORRECTION INDEX

The table below identifies, by Cite ID (cross-referenced to Plaintiff's internal Citation

Verification work product), the citation, the location in the First Amended Complaint, the

verification action taken, and the source of the verification. The "[verification pending —

Plaintiff will supplement within 14 days]" notation that accompanied each citation in the

First Amended Complaint is removed alongside the supplementation set forth here.

The Citation Correction Index is divided into two parts: (A) Bucket I — Pin-cite,

parallel-cite, and subsequent-history mechanics; and (B) Bucket II-A — KeyCite-driven

authority substitutions.

### A. Bucket I — Pin-cite, parallel-cite, and subsequent-history mechanics

| # | Citation (Full) | Action | Notes |
|---|---|---|---|
| #77 | *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023) (en banc) | Add pinpoint **497** at all instances; remove "[verification pending . . .]" and the "[Unverified pinpoint . . .]" bracketed note. | The en banc decision retired the "ultimate employment decision" standard. |
| #90 / F-NEW-1 | *Paralyzed Veterans of America*, 752 F.2d 694 (D.C. Cir. 1985) | Add subsequent-history acknowledgment: ", *rev'd*, *Department of Transportation v. Paralyzed Veterans of America*, 477 U.S. 597, 605–07 (1986)." Remove "[verification pending . . .]." | The 1986 SCOTUS reversal must travel with the D.C. Circuit cite. |
| #6 / #79 | *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) | Where the citation appears with full form more than once, retain the full form at first use only and conform subsequent occurrences to the short form ("*Desert Palace*, 539 U.S. at 101"). | Pin 101 retained at first full cite. |

18

| | | | |
|---|---|---|---|
| #12 /<br>#86 | *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21–23 (1993) | Conform pinpoint to **21–23** uniformly. | |
| #23 /<br>#104 | *Staub v. Proctor Hospital,* 562 U.S. 411, 421–22 (2011) | First-use full form with pinpoint **421–22**; conform subsequent occurrences to short form ("*Staub,* 562 U.S. at 421–22"). | |
| #16 | *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 115–17 (2002) | Conform pinpoint to **115–17** uniformly. | |
| #87 | *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998) | Add pinpoint **805–07**. | |
| #88 | *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998) | Add pinpoint **765**. | |
| #92 | *University of Texas Southwestern Medical Center v. Nassar,* 570 U.S. 338 (2013) | Add pinpoint **352**. | |
| #4 /<br>#93 | *CBOCS West, Inc. v. Humphries,* 553 U.S. 442, 446 (2008) | Conform pinpoint to **446** at all instances (any instances reading "445" are corrected to "446"). | |
| #71 | *Lane v. Peña,* 518 U.S. 187 (1996) | Add pinpoints **192, 197** at all instances throughout the First Amended Complaint. | Pin 192 anchors the unequivocal-waiver doctrine; pin 197 anchors the § 504(a) damages-bar application. KeyCite verified (Westlaw). |
| #98 | *Brown v. GSA,* 425 U.S. 820, 835 (1976) | Pinpoint **835** confirmed; remove "[verification pending . . .]." | |
| #99 | *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96 (1990) | Pinpoint **95–96** confirmed; remove "[verification pending . . .]." | |
| #100 | *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 232–33 (1959) | Pinpoint **232–33** confirmed; remove "[verification pending . . .]." | |
| #101 | *Wilson v. Secretary, Department of Veterans Affairs,* 65 F.3d 402, 405 (5th Cir. 1995) | Pinpoint **405** confirmed; remove "[verification pending . . .]." | |
| #102 | *Granger v. Aaron's, Inc.,* 636 F.3d 708, 712 (5th Cir. 2011) | Pinpoint **712** confirmed; remove "[verification pending . . .]." | |
| #19 | *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 613 (1987) | Pinpoint **613** confirmed; remove "[verification pending . . .]." | |
| #2 / P3 | *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.,* 482 F.3d 408, 414 (5th Cir. 2007) | Pinpoint **414** confirmed; remove "[verification pending . . .]." | |
| F-<br>NEW-<br>2 | *Cummings v. Premier Rehab Keller, P.L.L.C.,* 596 U.S. 212 (2022) | Add pinpoint **229–31** (damages-scope holding). | |

19

| | | | |
|---|---|---|---|
| F-NEW-3 | *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574–75 (5th Cir. 2002) | Add pinpoint **574–75**; remove "[verification pending . . .]." | Pin 574–75 confirmed via Westlaw KeyCite as the canonical pin for the 5th Cir.'s controlling intentional-discrimination rule under § 504. Filed text currently lacks the pin. |
| #5 / P4 | *Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001) | Pinpoint **273** confirmed; remove "[verification pending . . .]." | |
| #84 | *Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) | Pinpoint **235–36** confirmed; remove "[verification pending . . .]." | |
| #85 | *Gowesky v. Singing River Hospital System*, 321 F.3d 503, 509 (5th Cir. 2003) | Pinpoint **509** confirmed; remove "[verification pending . . .]." | |
| #3 / #89 | *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006) | Pinpoint **68** confirmed; the prior duplicate (Cite ID #3) was already deduplicated to a single full-form citation; remove "[verification pending . . .]." | |
| #67 / A4 | *Weathers v. Houston Methodist Hospital*, No. 23-20536 (5th Cir. Sept. 4, 2024) | Update to published reporter form once available; until then, the slip-opinion cite stands; remove "[verification pending . . .]." | |
| #30 | *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) | Conform to single full-form first use within Count XIV with subsequent short-form occurrences ("*Massey*, 652 S.W.2d at 934"); remove "[verification pending . . .]." | |
| F-NEW-HO041-1 | *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004) | Pinpoint **382–83** confirmed; remove "[verification pending . . .]." | |
| F-NEW-HO041-4 | *Mayle v. Felix*, 545 U.S. 644, 650–64 (2005) | Pinpoint **650–64** confirmed; remove "[verification pending . . .]." | |
| #27 | *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605 (Tex. 1999) | Conform pinpoint from current "612" to **611–12** to capture the 4-element test articulation. | Confirmed at Count XIII ¶ 12 in filed FAC at pin 612; broaden per Westlaw KeyCite verification. |
| F-NEW-WAVE2-HO05 | *Heath v. Bd. of Sup'rs for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731 (5th Cir. 2017) | Add pinpoint **736–41** at existing instances; remove "[verification pending . . .]" bracket. Pair-add at Count XXVII ¶ 2 alongside *Noviello v. City of Boston* per | KeyCite verified (Westlaw); St. Bernard Parish distinguishing-case noted (yellow flag). 5th Cir. |

| | | | |
|---|---|---|---|
| 2-90 | | Wave 2 Section 2 (5th Cir. companion authority for the HWE + retaliation separate-claims framework, bolstering Count XXVII viability while preserving the standalone-recognition fight for any future motion practice). | expansion of continuing-violation doctrine post-*Morgan*: Heath, 850 F.3d at 740–41 + n.5 (severity does not sever continuing violation; rejects pre-*Morgan* Celestine permanence factor). |
| F-NEW-RULE 15-1 | *Honeycutt v. Long*, 861 F.2d 1346 (5th Cir. 1988) | Conform pinpoint to **1348–49** (Westlaw KeyCite verification) at the introductory disclosure paragraph. Remove the "[NEEDS VERIFICATION — Westlaw/Lexis]" bracket. Procedural-disclosure authority only for the § 2000e-16(c) Count XXIX Administrator-naming Rule 15(c) cure framework. | Cure framework anchor; pairs with *Krupski v. Costa Crociere*, 560 U.S. 538 (2010), *Foman v. Davis*, 371 U.S. 178 (1962), and *Haines v. Kerner*, 404 U.S. 519 (1972) on the same procedural-disclosure proposition. |
| F-NEW-CHRI STOP HER | *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir. 1992) | Pair-add at Count XXIX ¶ 5(h)(i) [Blake-specific estoppel] alongside *Wilson v. Sec'y, Dep't of VA* and *Manning v. Chevron Chem. Co.*: add pinpoint **1215** for the 5th Circuit's "defendant's misconduct" pathway to equitable tolling/estoppel ("Equitable tolling or equitable estoppel is appropriate when a plaintiff's unawareness of his ability to bring a claim — either unawareness of the facts necessary to support a discrimination charge or unawareness of his legal rights — is due to the defendant's misconduct"). | Garwood, J. opinion; cited 193+ times. Companion authority supplementing *Wilson*'s bracketed reservation on the same Blake-specific induced-or-tricked-by-adversary proposition. KeyCite verified (Westlaw). |
| F-NEW-4 | *Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002) | Pair-add at Count XXIX ¶ 5(h)(ii) [pro se disability-based equitable tolling] alongside *Granger v. Aaron's, Inc.*: add pinpoint **457** for the 5th Circuit's "rare and exceptional circumstances" standard + plaintiff's burden of proof; pin **456–57** for the constructive-notice-via-posting framework. | KeyCite verified (Westlaw); doctrinal spine for 5th Cir. equitable-tolling rule alongside *Irwin v. Dep't of VA*. |
| (catch-all) | All other cites accompanied in the First Amended Complaint by "[verification | Remove the bracketed reservation; pinpoint and parallel-cite forms in the filed text are confirmed by | |

21

| | pending — Plaintiff will supplement within 14 days]" | Plaintiff's Westlaw KeyCite verification work as accurate. | |

## B. Bucket II-A — KeyCite-driven authority substitutions

| # | Original Citation | Substitute Citation | Reason |
|---|---|---|---|
| #25 | *Zenor v. El Paso Healthcare Systems, Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999) | *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 695–96 (5th Cir. 2014) | The *Zenor* "regarded as" framework was superseded by the ADA Amendments Act of 2008. *EEOC v. LHC Group* is the modern post-ADAAA Fifth Circuit articulation of the ADA prima facie standard. The substitution applies to Count I, ¶ 3, where *Zenor* is currently cited for the ADA prima facie elements. KeyCite verified (Westlaw). |

## C. Note on Other Authorities Identified During Verification

The Westlaw KeyCite verification undertaken pursuant to the First Amended Complaint's reservation also identified additional authorities — including the Fifth Circuit equitable-tolling and equitable-estoppel companion cases set forth in Bucket I above (*Heath v. Bd. of Sup'rs*, *Christopher v. Mobil Oil Corp.*, *Teemac v. Henderson*, and *Honeycutt v. Long*) — that bear on the same propositions as citations expressly reserved in the First Amended Complaint. Plaintiff reserves no rights different from those reserved in the First Amended Complaint with respect to these authorities and reserves the right, consistent with the First Amended Complaint and the Federal Rules of Civil Procedure, to identify and brief additional authority in subsequent filings.