**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

AMANDA L. KONDRAT'YEV,
    Plaintiff,

v.                                                    Civil Action No. 4:25-cv-04785
                                                      Judge George C. Hanks, Jr.
NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.,
    Defendants.

**PLAINTIFF'S OPPOSED MOTION FOR MODIFICATION OF THE DOCKET CONTROL ORDER TO EXTEND PLAINTIFF'S FRCP 26(a)(2)(B) EXPERT DISCLOSURE DEADLINE**

TO THE HONORABLE COURT:

Plaintiff Amanda L. Kondrat'yev, appearing pro se, respectfully moves under Federal Rule of Civil Procedure 16(b)(4) for a 75-day modification of the Court's Docket Control Order (ECF 42, entered March 25, 2026), extending Plaintiff's deadline to designate expert witnesses and to serve the written reports required by Federal Rule of Civil Procedure 26(a)(2)(B) from June 5, 2026 to August 19, 2026. Plaintiff does not seek modification of any other deadline at this time. A proposed order accompanies this motion. In support, Plaintiff respectfully shows the following.

**I. RELIEF REQUESTED**

Plaintiff requests that the Court modify the Docket Control Order (ECF 42) to extend Plaintiff's Rule 26(a)(2)(B) expert disclosure deadline by 75 days, from June 5, 2026 to August 19, 2026. A 75-day extension is appropriate to permit retention of qualified experts and preparation of compliant written reports.

1

## II. BACKGROUND

1.  Plaintiff filed her original Complaint on October 3, 2025 (ECF 1). Plaintiff timely filed her First Amended Complaint on April 24, 2026 (ECF 45).

2.  The Court entered its operative Docket Control Order on March 25, 2026 (ECF 42), setting June 5, 2026 as Plaintiff's deadline for expert witness designations and Rule 26(a)(2)(B) written reports.

3.  The DCO further provides: defendants' expert disclosures by July 6, 2026; discovery cutoff October 30, 2026; dispositive and non-dispositive motions deadline November 6, 2026; joint pretrial order December 31, 2026; docket call January 8, 2027; and a three-day jury trial set for the March/April 2027 term in Courtroom 600. (ECF 42.)

4.  The First Amended Complaint added sixteen new defendants: four corporate entities (Leidos, Inc.; Leidos Innovations Corp.; TekFive, Inc.; and Seabrook Solutions, LLC) and twelve individual defendants, whose service of process by the U.S. Marshals Service remains pending under Federal Rule of Civil Procedure 4(m), with the 90-day service window running to July 23, 2026. The original Complaint (ECF 1) named three Defendants (NASA, Leidos Holdings, Inc., and All Points Logistics LLC); the operative First Amended Complaint (ECF 45) brings the total to nineteen Defendants.

5.  On May 8, 2026, appeared Defendants filed a joint pre-motion letter pursuant to Judge Hanks's Court Procedure §6.B.i (ECF 46). On May 11, 2026, the Court granted appeared Defendants leave to file their anticipated motions to dismiss (ECF 48). As of the date of this motion, no motion to dismiss has been filed.

6. Three Defendants have appeared and are represented by counsel: Defendant All Points Logistics, LLC, by Laura E. De Santos and Katherine D. Strathman, Gordon Rees Scully Mansukhani, LLP (1900 West Loop South, Suite 1000, Houston, Texas 77027); Defendant Leidos Holdings, Inc., by Stephen J. Quezada, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (One Allen Center, 500 Dallas Street, Suite 2100, Houston, Texas 77002); and the federal Defendants (NASA / Johnson Space Center), by Assistant United States Attorney Ariel N. Wiley, United States Attorney's Office for the Southern District of Texas (1000 Louisiana Street, Suite 2300, Houston, Texas 77002).

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit applies a four-factor good-cause test, considering: (1) the movant's explanation for the failure to timely meet the deadline; (2) the importance of the requested modification; (3) the potential prejudice to the non-moving party in allowing the modification; and (4) the availability of a continuance to cure such prejudice. See Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990); S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A., 315 F.3d 533, 536 (5th Cir. 2003).

## IV. GOOD CAUSE UNDER RULE 16(b)(4)
### A. Explanation for the Need for Modification

Plaintiff has acted diligently. Since entry of the DCO on March 25, 2026, Plaintiff — proceeding pro se — has simultaneously (i) prepared and filed her First Amended Complaint (ECF 45, April 24, 2026); (ii) coordinated with the U.S. Marshals Service for

3

service of process on newly-added Defendants under Rule 4(m); (iii) developed an eight-lane expert-witness taxonomy covering vocational rehabilitation, forensic economics, medical and psychological damages, statistical comparator analysis, ESI and audio forensics, human-resources / interactive-process testimony, and non-retained sociological context under Rule 26(a)(2)(C); (iv) drafted outreach correspondence to candidate experts in the vocational-rehabilitation and forensic-economics lanes; and (v) drafted a parallel motion for the appointment of an independent expert under Federal Rule of Evidence 706 for the digital-forensics lanes where Plaintiff lacks resources to retain a private expert.

Despite diligent effort, Plaintiff cannot complete retention and produce Rule 26(a)(2)(B)-compliant written reports by June 5, 2026. Retention of a qualified expert from a cold first contact typically requires four to six weeks of engagement negotiation, conflict clearance, records review, and report preparation before a compliant report — addressing opinions, bases and reasons, qualifications, prior testimony, and compensation under Rule 26(a)(2)(B)(i)–(vi) — can be delivered. Plaintiff has completed candidate identification and drafted engagement outreach in both retained lanes; as of the date of this motion, no engagement has been concluded. Even on immediate engagement, the four-to-six-week cycle described above makes a Rule 26(a)(2)(B)-compliant report by June 5, 2026 infeasible.

Plaintiff's pro se status, while not itself a basis for extension, contextualizes the need: Plaintiff has been simultaneously managing FAC service logistics, evidence-

4

preservation correspondence, pre-motion proceedings, and expert development without the staffing support available to represented parties.

Finally, considerations of efficiency support the modification. Defendants' anticipated Rule 12(b) motions (see ECF 46, 48) have not yet been filed. It would be wasteful for an in forma pauperis plaintiff to commission costly expert reports addressed to claims that pleadings-stage rulings may narrow; the modest extension requested avoids that inefficiency without prejudicing any party.

**B. Importance of the Modification**

Expert testimony in this case is central, not peripheral. Plaintiff's claims include alleged violations of Title VII, the ADA, the Rehabilitation Act, and related statutes, and seek both compensatory and equitable relief. Vocational-rehabilitation and forensic-economic expert testimony are necessary to establish the economic-loss components of Plaintiff's compensatory-damages case (lost earning capacity, mitigation analysis, present value computation). Medical and psychological expert testimony is necessary to substantiate the nature and severity of disability-related and emotional-distress damages. Without expert support on these elements, Plaintiff's ability to oppose anticipated dispositive motions and to present a complete case to the jury would be materially impaired. The modification sought is not merely convenient — it is necessary to preserve Plaintiff's ability to prove central elements of her claims.

**C. Lack of Prejudice to Defendants**

The requested modification will not prejudice Defendants. First, no motion to dismiss is presently on file; Defendants remain in the pre-motion-letter posture established by ECF 46 and ECF 48. Second, the deadline for Defendants' expert disclosures (July 6, 2026) follows Plaintiff's, and Defendants retain the full Rule 26(a)(2)(B) period to respond to whatever Plaintiff designates. To the extent the Court determines that symmetry requires a parallel extension of the defense expert deadline, Plaintiff does not oppose such proportional adjustment. Third, the discovery cutoff (October 30, 2026), dispositive-motion deadline (November 6, 2026), and trial term (March/April 2027) remain undisturbed by the modest extension Plaintiff requests. Fourth, the appeared Defendants have themselves benefited from the Court's flexible scheduling on the pre-motion track, and the requested modification is consistent with that accommodation.

### D. Availability of a Continuance to Cure Prejudice

No trial date has been set; only a trial term has been designated. The discovery cutoff (October 30, 2026) provides over four months of post-extension discovery runway even with the 75-day extension requested. Should the Court conclude that any consequential adjustment to subsequent DCO milestones is warranted, such adjustment can be effected without disturbing the trial term. The fourth Geiserman factor is therefore satisfied.

### V. CONFERRAL

Pursuant to Local Rule 7.1, Plaintiff has conferred with counsel for the appeared Defendants regarding the relief requested. The position of each appeared Defendant is set forth in the accompanying Certificate of Conference.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion; modify the Docket Control Order (ECF 42) to extend Plaintiff's Rule 26(a)(2)(B) expert disclosure deadline by 75 days to August 19, 2026; and grant such other and further relief, including any proportional adjustment to subsequent DCO milestones the Court deems appropriate, as justice may require.

In the alternative, if the Court is inclined to deny this motion, Plaintiff respectfully requests an expedited conference under Federal Rule of Civil Procedure 16 to address the consequences of denial, and that the Court hold Plaintiff's Rule 26(a)(2)(B) expert-disclosure deadline in abeyance pending that conference.

Dated: June 5, 2026.


Respectfully submitted,

/s/ Amanda L. Kondrat'yev
Amanda L. Kondrat'yev
Plaintiff, Pro Se
1102 Buoy Rd
Houston, Texas 77062
Telephone: 346-366-0787
amandakondratyev@gmail.com

7

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned certifies that on June 3, 2026, Plaintiff conferred with counsel for the appeared Defendants by email regarding the relief requested in the foregoing motion, and that on June 4, 2026, counsel for each appeared Defendant stated their client's position by email. The positions of the appeared Defendants are as follows:

Defendant All Points Logistics, LLC, by counsel Laura E. De Santos and Katherine D. Strathman (Gordon Rees Scully Mansukhani, LLP): OPPOSED.

Defendants Leidos Holdings, Inc., Leidos, Inc., and Leidos Innovations Corporation, by counsel Stephen J. Quezada (Ogletree, Deakins, Nash, Smoak & Stewart, P.C.): OPPOSED.

Federal Defendants (NASA et al.), by AUSA Ariel N. Wiley (U.S. Attorney's Office, S.D. Tex.): OPPOSED.

The remaining newly-added Defendants — TekFive, Inc.; Seabrook Solutions, LLC; and the individual Defendants Brent Wong, Christy Murray, Ed Scarborough, Robyn Smith, Susana Kane, John Walters, Daniel Murphy, Travis McFarland, Brian Lynn, Cristian Garcia, Tristian Castro, and Carolyn Dianne Brief — have not yet been served and have not appeared. Conferral with these Defendants is not required under Local Rule 7.1 because they are not yet parties appearing before the Court.

/s/ Amanda L. Kondrat'yev
Amanda L. Kondrat'yev
Plaintiff, Pro Se
1102 Buoy Rd
Houston, Texas 77062
Telephone: 346-366-0787
amandakondratyev@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on June 5, 2026, a true and correct copy of the foregoing was served on all

counsel of record via the Court's CM/ECF system, and on any unrepresented party by

U.S. mail at their last known address.


/s/ Amanda L. Kondrat'yev
Amanda L. Kondrat'yev
Plaintiff, Pro Se
1102 Buoy Rd
Houston, Texas 77062
Telephone: 346-366-0787
amandakondratyev@gmail.com